S.Y. WANG, Plaintiff-Appellant,

v.

Earl Dean GORDON & Inland Real Estate Corp., an Illinois Corp., Defendants-Appellees.

No. 82–3072.

United States Court of Appeals, Seventh Circuit.

Argued May 9, 1983.

Decided Aug. 22, 1983.

Ralph E. Brown, Walsh, Case, Coale, Brown & Burke, Chicago, Ill., for plaintiff-appellant.

Mark C. Friedlander, Fohrman Lurie Sklar & Simon, Ltd., Daniel D. Maynard, Winston & Strawn, Chicago, Ill., for defendants-appellees.

Before CUMMINGS, Chief Judge, POSNER, Circuit Judge, and ROSENN, Senior Circuit Judge.*

CUMMINGS, Chief Judge.

The principal question before us is whether defendant Earl Dean Gordon was an investment adviser within the meaning of Section 202(a)(11) of the Investment Advisers Act of 1940 (15 U.S.C. §§ 80b-1 et seq.). The district court held that he was not and therefore dismissed the action for failure to state a claim.

Wang's original complaint was based on the federal securities laws and ruled deficient in June 1982. No appeal was taken. Instead, Wang filed a first amended complaint in July 1982 but withdrew it after defendants filed motions to dismiss. In September 1982 plaintiff filed a second amended complaint against Gordon and Inland Real Estate Corporation ("Inland"). Count I was filed under Section 214 of the 1940 Investment Advisers Act (15 U.S.C. § 80b-14) which gives district courts jurisdiction over violations of the Act "or the rules, regulations or orders thereunder." According to that pleading, Briarbrook Building Partners was formed as an Illinois limited partnership in December 1973 to own and operate a high-rise apartment building. Plaintiff is a limited partner. The partnership agreement was amended in January 1976 and named Gordon as the general partner and gave him a 5% brokerage commission on the gross sales price of partnership property. Before the end of 1981, Gordon contracted with the defendant Inland Real Estate Corporation for the sale of the apartment building in return for "promissory notes" of Inland totaling $8,500,000.[1]

According to the second amended complaint, Gordon did not state necessary material facts to the limited partners when arranging for the sale of the apartment building to Inland. Wang asserts that on November 28, 1979, Gordon was enjoined in another lawsuit[2] from certain activities with respect to securities issued by the five defendants in that case [Inland was not one of them] "or [by] any other issuer" in violation of the Securities Act of 1933 (15 U.S.C. §§ 77a et seq.) and the Securities Exchange Act of 1934 (15 U.S.C. §§ 78a et seq.).

The complaint claims that Gordon violated the 1979 injunction, Section 206 of the Investment Advisers Act (15 U.S.C. § 80b-

---

\* The Honorable Max Rosenn, Senior Circuit Judge of the United States Court of Appeals for the Third Circuit, is sitting by designation.

1. Although paragraph 8 states that payment was to be made by Inland's issuance of promissory notes, paragraph 10 states that the terms were for $1,200,000 cash, Inland's assumption of a $4,950,000 first mortgage, and the payment of $2,400,000 five years after closing but no later than ten years thereafter.

2. *Securities and Exchange Commission v. Financial Concepts, Ltd., et al.*, Civil No. 79 C 4968 (N.D.Ill.). The injunction was actually a consent decree.

6) and Rule 206(4)(1) thereunder (17 C.F.R. 275.206(4)(1)), and that the 1976 amendment to the partnership contract between Briarbrook and Inland is void under Section 215(b) of the Act (15 U.S.C. § 80b–15(b)) because it supposedly violated those provisions. Unlike its predecessors, under Section 215(b) this complaint sought rescission of the amendment to the Briarbrook Building Partners limited partnership agreement naming Gordon as general partner and granting him a 5% brokerage commission on sales of partnership property. The second amended complaint also sought an order requiring Gordon to return to plaintiff his pro rata share of the brokerage commission which Gordon received for selling the Briarbrook real estate to Inland and an order requiring Inland to pay the clerk of the district court "all sums by it to be paid under the terms of the contract" between Briarbrook and Inland.

Counts II–IX were pendent state claims against defendants.

Both defendants filed motions to dismiss the second amended complaint because under *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146, Section 206 of the Investment Advisers Act (15 U.S.C. § 80b–6) does not provide for a private cause of action and because Section 215(b) of the Act (15 U.S.C. § 80b–15(b)) does not provide for the rescission of the 1976 amendment to the Briarbrook limited partnership agreement. On the ground that the second amended complaint was frivolous, Gordon requested costs and attorney's fees from plaintiff for defending against it.

On November 24, 1982, the district court granted both defendants' motions to dismiss the second amended complaint and also ruled that they were entitled to attorneys' fees and costs whose amount would be determined later. In its accompanying memorandum opinion, the court held that Gordon was not an investment adviser under Section 202(a)(11) of the Act, so that plaintiff had not stated a claim against him under Sections 206 and 215(b). The court also determined that plaintiff had not alleged any acts on the part of Inland to constitute a violation of federal law because Inland was only mentioned as the purchaser of Briarbrook's apartment building and no federal or state law "prohibits the mere purchase of property by a private corporation." We agree and adopt Judge Leighton's attached memorandum opinion as our own. His judgment was appealable even though he postponed fixing the amount of attorneys' fees and costs to be awarded to defendants. *Hidell v. International Diversified Investments,* 520 F.2d 529, 532 (7th Cir.1975); *Cox v. Flood,* 683 F.2d 330 (10th Cir.1982); *Obin v. District No. 9 of International Association of Machinists and Aerospace Workers,* 651 F.2d 574, 584 (8th Cir. 1981).

In urging that rescission was impermissible, Gordon's motion to dismiss asserted that Section 215(b) of the Act does not permit a suit to rescind an amended limited partnership agreement "on the basis of the general partner's alleged violations of the Act which are wholly unrelated and *five years subsequent*" to the complained-of 1976 amendment to the partnership agreement (emphasis in original) and that no fraud or violation of the Act had been alleged with respect to the provisions of the amended agreement. The motion also stated that Section 215(b) only voids contracts which are entered into because of fraudulent representations or whose provisions "entail violations of the Investment Advisers Act." Inland's motion to dismiss stated that rescission was improper because there was no allegation against Inland of any misconduct or deception and because Inland was not a party to the amended partnership agreement and does not come within the ambit of Section 215(b). We need not construe the specifics of Section 215(b) because neither defendant was an investment adviser within the Act, nor was the 1976 amendment to the partnership agreement an investment advisers contract. *Zinn v. Parrish,* 644 F.2d 360, 362, 364 (7th Cir.1981). Since no investment advisers contract was involved, Section 215(b) affords no private remedy. *Transamerica, supra,* 444 U.S. at 17, 19, 24, 25, 100 S.Ct. at 246, 247, 249, 250; *Zinn* at 362.

▆▆ Wang also asserts that he has a private cause of action for damages against defendants because of Gordon's alleged violation of the consent decree entered against him by Judge Aspen in *Securities and Exchange Commission v. Financial Concepts, Ltd., et al.,* Civil No. 79 C 4968 (N.D.Ill. 1979). However, that consent decree was not made in favor of Wang, so that under Rule 71 of the Federal Rules of Civil Procedure he has no standing to enforce it. *United States v. American Society of Composers, Authors and Publishers,* 341 F.2d 1003, 1008 (2d Cir.1965), certiorari denied, 382 U.S. 877, 86 S.Ct. 160, 15 L.Ed.2d 32. Similarly, Wang has not stated a valid cause of action against Inland for violating the consent decree because the complaint does not allege that Inland knew or should have known of that decree or that its purchase of the apartment building was illegal. Since the federal claims were properly dismissed and not even colorable, the district court properly declined jurisdiction over the eight state law claims set forth in Counts II–IX. *United Mine Workers v. Gibbs,* 383 U.S. 715, 716, 86 S.Ct. 1130, 16 L.Ed.2d 218; *O'Brien v. Continental Illinois National Bank & Trust Co.,* 593 F.2d 54, 63–65 (7th Cir.1979).

As to attorneys' fees and costs, the district judge concluded that Wang's first and second amended complaints "were attempts to manufacture federal claims against these defendants where plaintiff knew or should have known that none existed" (App. 9). Judge Leighton did not award defendants attorneys' fees and costs in respect to the original complaint, which was based exclusively on Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j) and Rule 10b–5. That complaint was dismissed against Gordon because his alleged omissions were not made "in connection" with the sale of the partnership's property to

Inland, *O'Brien v. Continental Illinois National Bank & Trust Co., supra,* at 63, and because federal and state law did not prohibit Inland's purchase of the property. Supp.App. 52–54. Wang does not assert error in this regard.

▆▆ The judge held *sua sponte* that both defendants were entitled to attorneys' fees and costs incurred in responding to the last two complaints. While the amount of fees and costs has not yet been fixed, we have jurisdiction to review the question whether defendants are entitled to them. *Hidell v. International Diversified Investments,* 520 F.2d 529, 532 n. 4, 539 (7th Cir.1975); *Memphis Sheraton Corp. v. Kirkley,* 614 F.2d 131, 133 (6th Cir.1980),[3] both cited with apparent approval in *White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 452–453 n. 14, 102 S.Ct. 1162, 1166–1167 n. 14, 71 L.Ed.2d 325.

▆▆ Examination of Wang's last two complaints satisfies us that neither contained a colorable federal cause of action, but upon analysis only stated claims for state court litigation. Gordon correctly wrote the plaintiff that his first amended complaint under Section 206 of the Investment Advisers Act was barred by *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146, and warned that he, Gordon, would seek costs and fees if Wang persisted in litigating federally, as he did by thereafter filing the third complaint. As Judge Leighton stated, the First and Second Amended Complaints were merely "attempts to manufacture federal claims against these defendants where plaintiff knew or should have known that none existed" (App. 9). He added that Wang's claim against Inland was neither colorable nor made in good faith because the court's earlier memorandum opinion of June 18, 1982, dismissing

**3.** As the Sixth Circuit noted in *Memphis Sheraton Corp.,* although the circuits are in conflict about the appealability of an award of attorneys' fees and costs when the amounts have not yet been fixed, it opted for appealability because, as Judge Cornelia Kennedy pointed out,

The settling of attorney fees, a time-consuming procedure, will be avoided in those cases

in which the party awarded fees does not prevail on appeal. Such procedure [permitting appealability absent the fixing of amounts] will not prevent the District Court from including attorney fees in the final judgment where such action appears appropriate. 614 F.2d at 133.

Wang's original complaint had already advised Wang that "nothing in either federal or state law prohibits the mere purchase of property by a private corporation" (Supp. App. 53) and nothing was added in the second amended complaint to support a cause of action against Inland (App. 5). *Hall v. Cole,* 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702, reiterated the inherent power of a federal court to award counsel fees to a successful party when, as here,

his opponent "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" in seeking relief. On this record, we cannot say that the conscientious district judge abused his discretion in awarding defendants costs and attorneys' fees incurred in responding to the first and second amended complaints.[4] 28 U.S.C. § 1927.

The district court's orders of November 24, 1982, are affirmed.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| S. Y. WANG, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 82 C 1521 |
| | ) | |
| EARL DEAN GORDON and INLAND | ) | |
| REAL ESTATE CORPORATION, an | ) | Before the Honorable |
| Illinois corporation, | ) | George N. Leighton |
| | ) | United States District |
| Defendants. | ) | Judge |

### Memorandum

This action arises out of the alleged involvement of plaintiff S.Y. Wang in a limited partnership known as Briarbrook Building Partners. He is allegedly a limited partner; defendant Earl Dean Gordon, by a January 24, 1976 amendment to the partnership agreement, is the general partner in Briarbrook which was formed for the purpose of owning and operating a high rise apartment building. Pursuant to that same amendment, Gordon was given full and exclusive authority to sell the apartment building and was to earn a 5% brokerage commission on any sale. In late 1981, Gordon entered into a sale agreement with Inland Real Estate Corporation on behalf of the partnership. Under the agreement, Inland was to pay a combination of cash and notes in exchange for the apartment building owned by the partnership. Plaintiff alleges that Gordon defrauded the limited

partners in arranging the sale and informing them as to the specifics of the sale, in violation of Section 206 of the Investment Advisers Act of 1940, 15 U.S.C. § 80b–6 (Act). He further alleges that under Section 215 of the Act, 15 U.S.C. § 80b–15, he is entitled to rescission of the partnership agreement and restitution of his pro rata share of the brokerage commission Gordon received.

The cause is before the court on defendants' motions to dismiss the second amended complaint pursuant to Rule 12(b)(6), Fed. R.Civ.P., for failure to state a claim, and on Gordon's motion for costs and fees. Gordon contends that plaintiff is attempting to assert a private cause of action under Section 205, despite the Supreme Court's ruling in *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979), that no such cause of action exists. Inland argues that the complaint

4. The first amended complaint was withdrawn after defendants responded thereto and the second amended complaint was subsequently substituted therefor, adding the claims for rescission under Section 215(b) of the Act.

contains no allegations against it which would give rise to a federal cause of action. The court does not reach the question of whether plaintiff has properly stated a claim against Gordon under Sections 206 and 215 because it concludes, after reviewing the complaint and the relevant law, that Gordon is not an "investment advisor" under Section 202(a)(11) of the Act, 15 U.S.C. § 80b–2(a)(11). The court further concludes that plaintiff has failed to allege any actions on the part of Inland which constitute a violation of federal law. Accordingly, the motions to dismiss are granted.

In a Memorandum dated June 18, 1982, this court dismissed the original complaint in this action for failure to state a federal claim for which relief could be granted. In that complaint, as here, Inland is only mentioned as the purchaser of Briarbrook's apartment building. As the court noted in its earlier opinion, it is unaware of any federal or state law which prohibits the mere purchase of private property by a private corporation. Plaintiff has added no allegations to his amended complaint which would support a cause of action against Inland. In light of its previous order, the court questions whether Inland was named a defendant in the Second Amended Complaint in good faith; certainly, no colorable claim has been made against it.

■ With respect to the claims against Gordon, Section 206, by its own terms, only applies to "investment advisors". Section 202(a)(11) of the Act provides, in pertinent part:

> (11) 'Investment advisor' means any person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing, or selling securities, or who for compensation and as part of a regular business, issues or promulgates analyses or reports concerning securities. . . .

Plaintiff's denomination of Gordon as an "investment advisor" and of the limited partners as "clients" notwithstanding, the court can find nothing in the complaint which would support the conclusion that with respect to the sale agreement with Inland, Gordon acted as an "investment advisor" within the meaning of the Act. Plaintiff does allege that Gordon sent the limited partners a letter outlining the terms of the sale agreement, which included the transfer of some securities. These allegations are insufficient to place Gordon within the terms of the Act in several respects. First, plaintiff does not allege that Gordon issued reports concerning securities as part of a regular business. In a recent opinion, the Seventh Circuit held that an individual who does not engage in the business of giving investment advice about securities to others was not an investment adviser under Section 202(a)(11). *Zinn v. Parrish,* 644 F.2d 360, 364 (7th Cir.1981).

Further, Gordon was not compensated for the information regarding securities in the letter he sent. Rather, he was compensated for selling the apartment building. In *Abrahamson v. Fleschner,* 568 F.2d 862 (2nd Cir.1977), the Second Circuit held that general partners in an investment partnership were investment advisers under the Act. *Abrahamson* is distinguishable; there the purpose of the partnership was securities investment, and the general partners were compensated for their management of the limited partners' investments. *Id.* at 870. In the present case, the purpose of the partnership was to own and operate a building and Gordon received his brokerage commission for selling the building, not for any investment advice.

■ Finally, the court notes that Gordon was given the sole exclusive authority to sell Briarbrook's apartment building. Wang as a limited partner had no input or say as to the sale. In view of Wang's inability to participate in the sale, it is difficult to describe any information contained in the letter outlining the terms of the sale as "investment advice". As the Seventh Circuit stated in *Zinn,*

> . . . the definitional requirements of the statute must be interpreted so as not to sweep in persons whose activities Congress did not intend to regulate on the

theory that they posed no national concern.

*Zinn,* 644 F.2d at 363. This admonition is particularly applicable to this case where only a strained interpretation of the complaint, which this court declines to make would place Gordon's activities within the scope of the Act. For these reasons, the court finds that plaintiff has failed to state a claim against Gordon under the Investment Advisors Act.

Plaintiff's remaining claims are based solely on state law. As with the initial complaint, the court can find no circumstances which would justify the continued exercise of jurisdiction over wholly state law claims in contradiction to the doctrine of pendent jurisdiction which requires the dismissal of state law claims where federal claims have been dismissed before trial. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Accordingly, those claims are dismissed as well.

Gordon has moved for attorney's fees and costs incurred in responding to plaintiff's First Amended Complaint which raised a claim that was barred by the Supreme Court's decision in *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979). Neither defendant has moved for costs and fees incurred in responding to the Second Amended Complaint. However, because the court concludes that the First and Second Amended Complaints were attempts to manufacture federal claims against these defendants where plaintiff knew or should have known that none existed, it finds *sua sponte* that Gordon and Inland are entitled to the attorney's fees and costs incurred in responding to these two complaints. The amount of fees and costs to be assessed will be determined by affidavit; a minute order establishing a schedule for filing of the affidavits and plaintiff's response thereto will be entered concurrently with this opinion.

So ordered,

/s/ George N. Leighton

George N. Leighton,
United States District Judge

Dated: NOV 24 1982