746 F.2d 141
 40 Fed.R.Serv.2d 202
 Donald E. LEWIS, Plaintiff-Appellant-Cross-Appellee,
v.
S.L. & E., INC., Alan E. Lewis, Sr., Leon E. Lewis, Jr.,
Richard E. Lewis, Sr., Defendants-Appellees,
S.L. & E., Inc., Richard E. Lewis, Sr.,
Defendants-Appellees-Cross-Appellants.
LEWIS GENERAL TIRES, INC.,
Plaintiff-Intervenor-Appellee-Cross-Appellant,
v.
Donald E. LEWIS, Defendant-Appellant-Cross-Appellee.
 Nos. 9, 56, Dockets 84-7089, 84-7103.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 10, 1984.
Decided Oct. 12, 1984.
 
 James L. Hamilton, Cleveland, Ohio (Epp & Hamilton, Cleveland, Ohio, on the brief), for plaintiff-appellant-cross-appellee and defendant-appellant-cross-appellee.
 Charles B. Kenning, Rochester, N.Y. (Kaufman-Kenning, Rochester, N.Y., on the brief), for defendants-appellees, defendants-appellees-cross-appellants, and plaintiff-intervenor-appellee-cross-appellant.
 Before MANSFIELD, MESKILL and KEARSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Donald E. Lewis appeals from a judgment dated January 9, 1984 ("January 9 Judgment"), of the United States District Court for the Western District of New York, John T. Curtin, Chief Judge, which, inter alia, awarded defendant S.L. & E., Inc. ("SLE"), $129,919.88 against defendants Richard Lewis, Alan Lewis, and Leon Lewis, Jr.; ordered plaintiff to transfer his 15 shares of SLE stock to plaintiff-intervenor Lewis General Tires, Inc. ("LGT"); and ordered SLE to pay plaintiff $25,069.35 as the book value of the SLE shares to be transferred to LGT. Defendants SLE and Richard E. Lewis and plaintiff-intervenor LGT have cross-appealed, contending, inter alia, that the amounts stated in the judgment should be recalculated; SLE also contends that the proper party to make payment to plaintiff for his SLE shares is LGT. Because no final judgment has been entered in the district court, we dismiss the appeal and the cross-appeal.
 
 
 2
 This action was commenced by plaintiff, a stockholder of SLE, as a derivative action on behalf of SLE for waste, contending that the individual defendants, who were directors of both SLE and LGT, had leased SLE property to LGT for an unreasonably low rental. Plaintiff has prevailed on the merits of this claim, and on January 6, 1984, the court entered an order ("January 6 Order") directing entry of judgment requiring, inter alia, that the individual defendants pay SLE $129,919.88. The January 9 Judgment was then entered.
 
 
 3
 In light of his success, plaintiff has sought an award of attorney's fees. The district court did not rule on that application but referred the matter to a magistrate, stating that "[u]pon receipt of his report in regard to attorneys' fees, an amended judgment shall be entered." (January 6 Order at 4.) No amended judgment has been entered, and we were informed at oral argument that no further proceedings have been held on the matter of fees. Instead all parties appealed the January 9 Judgment. Their appeals are premature.
 
 
 4
 Section 1291 of 28 U.S.C. provides, in pertinent part, that "[t]he court of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States ...." A final judgment or order is one that conclusively determines the rights of the parties to the litigation, leaving nothing for the court to do but execute the order. See Coopers & Lybrand v. Livesay, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978). The January 9 Judgment is not such a final order.
 
 
 5
 In a derivative action, the award of attorney's fees to a successful plaintiff is normally made out of the fund recovered for the corporation. Jones v. Uris Sales Corp., 373 F.2d 644, 648-49 (2d Cir.1967); see N.Y.Bus.Corp.Law Sec. 626(e) (McKinney 1963); Marine Midland Trust Co. v. Forty Wall Street Corp., 213 N.Y.S.2d 689, 692, 13 A.D.2d 118, 122 (1961), aff'd 11 N.Y.2d 679, 225 N.Y.S.2d 755, 180 N.E.2d 909 (1962); 2 G. Hornstein, Corporation Law and Practice Sec. 732 at 249-50 (1959). The January 6 Order explicitly contemplates that after plaintiff's fee motion is decided a new judgment will be entered; under the authorities just cited, that new judgment will necessarily modify the amount to be received by the corporation, net of the award of attorney's fees. In addition, the consideration to be paid to plaintiff for his SLE stock depends upon the book value of SLE; the sum that the January 9 Judgment awarded plaintiff for his stock did not properly reflect the book value of SLE because it was calculated on the basis of the gross amount of SLE's recovery from the individual defendants and made no allowance for the amount SLE will be required to pay in plaintiff's attorney's fees out of that fund. The final judgment will perforce modify the amount to be paid to plaintiff since it will take into account the net amount, not the gross amount, recovered by SLE in this suit. It is thus clear that, unlike White v. New Hampshire Dep't of Employment Security, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), and Abrams v. Interco Inc., 719 F.2d 23 (2d Cir.1983), the present case involves attorney's fees that are integral to a final judgment, not merely collateral to it. The January 9 Judgment plainly is not ripe for execution.
 
 
 6
 Accordingly, we dismiss the appeal and cross-appeal for lack of appellate jurisdiction and remand to the district court for such further proceedings as may lead to the entry of a final judgment. Although our preliminary review of the merits of the matters argued in these attempted appeals reveals little merit to most of the arguments advanced, we do note that the agreement pursuant to which plaintiff was to transfer his shares in SLE required that payment to plaintiff for those shares be made by LGT, rather than by SLE as provided in the January 9 Judgment. We assume that the final judgment to be entered will be directed to the proper payor.
 
 
 7
 Following the entry of final judgment, the parties may, of course, file new notices of appeal. The appeals, if any, will be decided by the present panel on the papers submitted on the present attempted appeals, together with such supplementary papers as the parties may wish to submit in connection with the proceedings on this remand.
 
 
 8
 No costs are awarded at this time.