Thomas J. MORGAN, Plaintiff-Appellant,

v.

UNION METAL MANUFACTURING, Defendant-Appellee.

No. 83-3653.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 12, 1985.
Decided March 26, 1985.

Manufacturing Company, and in awarding attorneys' fees to Union Metal. We conclude that Morgan did not timely appeal from the judgment on the merits and that the district court properly awarded attorneys' fees to Union Metal.

Morgan filed his age and handicap discrimination complaint on October 28, 1980. In December 1982, the district court granted partial summary judgment to Union Metal and dismissed Morgan's handicap discrimination claim. On March 28, 1983, the court ordered both parties to file pretrial briefs on the age discrimination claim on or before April 14, 1983, and scheduled a final pretrial conference for April 21, 1983. Morgan moved to postpone the pretrial until September 1, 1983. The court denied that motion on April 13, 1983. Nevertheless, Morgan failed to file a pretrial brief, both he and his counsel, Alan I. Goodman, failed to appear at the pretrial conference, and Morgan advised neither the court nor Union Metal of any inability to comply with these orders.

Union Metal appeared at the pretrial conference on April 21 and represented to the court that in September 1981 Morgan had rejected a settlement offer that was outlined in an Ohio Civil Rights Commission conciliation agreement. The agreement provided for Morgan's reinstatement in good standing with full seniority and back pay of $20,805.70. Union Metal advised the court that Morgan summarily rejected the agreement and made no counter-offer. In the absence of Morgan and his counsel, Union Metal moved, at the pretrial conference, for summary disposition of the case.

Still without a further word from Morgan or his counsel, the court on May 6, 1983 filed a written "Judgment Entry." The order dismissed Morgan's complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The order then directed that, within thirty days of the court's order, Union Metal pay Morgan $20,805.70 pursuant to the conciliation agreement. The order further found that Morgan had pursued his claim in bad faith since September 1981 when he rejected the proposed

Alan I. Goodman, Cleveland, Ohio, for plaintiff-appellant.

John D. Jolliffe (argued), Daniel M. Jonas, Canton, Ohio, for defendant-appellee.

Before LIVELY, Chief Judge, MARTIN, Circuit Judge; and BROWN, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

Thomas J. Morgan asserts that the district court erred in dismissing his complaint, which alleged age and handicap discrimination in connection with his termination from employment with Union Metal

settlement. Finally, the order held that Union Metal was entitled to costs and attorneys' fees due to Morgan's bad faith. Union Metal was allowed thirty days in which to submit an itemized application for costs and fees.

On May 25, 1983, Union Metal filed its application for attorneys' fees and costs. Then on June 1, 1983, Morgan filed a motion for relief from the May 6 judgment. That motion was denied on June 23, 1983. Morgan filed his memorandum in opposition to Union Metal's application for fees on June 23, and the court entered an order on August 22, 1983, fixing the attorneys' fees at $11,291.00 and costs at $273.92. On September 15, 1983, Morgan filed a notice of appeal from the "decision of [the district court] rendered on August 22, 1983."

On February 23, 1984, Morgan filed his brief in this court. The brief contained two assignments of error: (1) the trial court erred in dismissing the age discrimination claim; and (2) the trial court erred in awarding attorneys' fees to Union Metal. Union Metal responded with a motion pursuant to Federal Rule of Appellate Procedure 27 to limit the scope of appeal. The motion contends that the court lacks jurisdiction to review the dismissal of the complaint because Morgan failed to file a notice of appeal within thirty days of the trial court's entry of judgment on May 6, 1983. For the same reason, Union Metal contends that we lack jurisdiction to consider whether the Company is entitled to attorneys' fees. Union Metal asserts that Morgan may challenge only the amount of attorneys' fees and costs as determined by the trial court's order of August 22, 1983. The parties exchanged briefs on the issue, and we deferred decision on the motion until we heard oral arguments on the merits.

Morgan argues that the trial court's order of May 6 dismissing his complaint was not a final judgment and that therefore his notice of appeal from the August 22 order was adequate to preserve both issues he asserts on appeal. His claim is that, though the May 6 order fixed the amount of liability on the underlying claim, the order dismissing his complaint was not final because he could not determine the net amount of money he would receive until the court determined the amount of attorneys' fees for which he was liable. This net amount was not fixed until August 22, the argument goes, so his September 15 notice of appeal preserved for appeal the court's ruling on both the merits and the attorneys' fees. We disagree.

Although the circuits were split on the issue whether a ruling on the merits was final for purposes of appeal when the amount of attorneys' fees was yet to be decided, this Court took an unequivocal position. "We ally ourselves with those circuits which have held that a judgment is final for purposes of appeal although the amount of attorney fees have not been determined." *Memphis Sheraton Corp. v. Kirkley*, 614 F.2d 131, 133 (6th Cir.1980). *Kirkley* and other cases adopting its proposition were cited with approval in *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 452 n. 14, 102 S.Ct. 1162, 1167 n. 14, 71 L.Ed.2d 325 (1982). In *White* the Court held that a request for attorneys' fees is not a "motion to alter or amend the judgment" subject to Federal Rule of Civil Procedure 59(e). *Id.* at 454, 102 S.Ct. at 1167. The basis of the Court's reasoning was that requests for attorneys' fees "raise[ ] legal issues collateral to the main cause of action," *id.* at 451, 102 S.Ct at 1166, and that "[t]heir award is uniquely separable from the cause of action to be proved at trial," *id.* at 451, 102 S.Ct. at 1166. Thus, although *White* concerned whether requests for attorneys' fees are subject to Rule 59(e) rather than whether a decision on the merits is final when a request for attorneys' fees is outstanding, the reasoning in *White* certainly supports, if it does not establish, the proposition espoused in *Kirkley*. *See Smillie v. Park Chemical Co.*, 710 F.2d 271, 273–74 (6th Cir.1983); *Bernstein v. Menard*, 728 F.2d 252, 253 (4th Cir.1984). Indeed, several circuits that had expressly disapproved the proposition we adopted in *Kirkley* changed their views after *White* was decided. *See Abrams v. Interco Inc.*, 719 F.2d

23, 26–27 (2d Cir.1983) (discussing changes in circuits after *White* ). *See generally* 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3915 at 313–17 (Supp.1983) (discussing *White* ).

■ Morgan argues that, regardless of the general rule that awards of attorneys' fees are collateral to decisions on the merits, the award of fees in his case is integral to, not collateral to, the decision on the merits because the court entered a single order that determined the merits and established Union Metal's right to fees and because the amount of attorneys' fees determined the net amount to which Morgan was entitled. Some courts have been willing, on a case-by-case basis, to make the distinction that Morgan urges. *See Lewis v. S.L. & E., Inc.*, 746 F.2d 141 (2d Cir. 1984) (per curiam); *C.I.T. Corp. v. Nelson*, 743 F.2d 774 (11th Cir.1984); *Holmes v. J. Ray McDermott & Co.*, 682 F.2d 1143 (5th Cir.1982), *cert. denied*, 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983). Our decision not to make such distinctions, however, best serves the interests of litigants and the court, even though it may occasionally prove harsh. *See International Association of Bridge, Structural, Ornamental, and Reinforcing Ironworkers' Local Union 75 v. Madison Industries, Inc.*, 733 F.2d 656 (9th Cir.1984); C. Wright, A. Miller & E. Cooper, *supra.*[1] Morgan did not timely appeal the court's decision on the merits, and we are without jurisdiction to entertain his challenge to that decision.

■ Although we reject Morgan's analysis, we also reject Union Metal's claim that Morgan is precluded from challenging his liability for attorneys' fees because he failed to notice an appeal until the amount of attorneys' fees was finally determined. Morgan knew on May 6 that he was liable for attorneys' fees, but he did not know the extent of that liability until August 22. In *Wang v. Gordon*, 715 F.2d 1187 (7th Cir. 1983), the court cited *Kirkley, supra,* for the proposition that a determination of liability for attorneys' fees is appealable when the amount of fees has not been determined. *Id.* at 1190 & n. 3. Other courts have cited *Kirkley* only for the proposition that a judgment on the merits is appealable when the amount of attorneys' fees has not been determined. *See White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 452 n. 14, 102 S.Ct. 1162, 1167 n. 14, 71 L.Ed.2d 325 (1982); *Abrams v. Interco, Inc.*, 719 F.2d 23, 26 (2d Cir.1983); *Crowley v. Schultz*, 704 F.2d 1269, 1271 (D.C.Cir.1983).

■ The *Wang* court's interpretation of *Kirkley* is erroneous. An award of attorneys' fees is collateral to a decision on the merits, but a determination of the amount of attorneys' fees is not collateral to a determination of liability for attorneys' fees. A rule that permits a party to delay an appeal of a finding of liability for attorneys' fees until the amount of fees is determined serves the purpose of avoiding piecemeal litigation. *Fort v. Roadway Express, Inc.*, 746 F.2d 744, 747–48 (11th Cir.1984); *Crowley v. Schultz*, 704 F.2d at 1272; *Cassidy v. Virginia Carolina Veneer Corp.*, 652 F.2d 380, 383 (4th Cir.1981). The rule also is consistent with "the longstanding rule that a determination as to liability, prior to a determination on the issue of damages or other relief requested, is not a final appealable judgment." *Fort v. Roadway Express, Inc.*, 746 F.2d at 747; *see Williams v. Ezell*, 531 F.2d 1261, 1263 (5th Cir.1976). *Cf. Mekdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1523 (11th Cir.1983); *SEC v. Independence Drilling Corp.*, 595 F.2d 1006, 1008 (5th Cir.1979). The rule permitting a party to delay an appeal until the amount of fees is determined will not have untoward consequences in those instances in which the party timely appeals a judgment on the merits and wishes to consolidate with it an

---

1. The only exception we have been willing to make was announced in *Penland v. Warren County Jail*, 759 F.2d 524 (6th Cir.1985) (en banc). A motion to alter or amend the judgment tolls the time for appeal on the merits when the motion seeks attorneys' fees that were requested in the complaint and denied when the court entered judgment on the merits. *Id.* at 527.

appeal from a determination of liability for attorneys' fees when the amount of fees has not been set. In those cases, the court's jurisdiction over the appeal on the merits carries with it the authority to determine the liability for fees. *Bittner v. Sadoff & Rudoy Industries,* 728 F.2d 820, 826–27 (7th Cir.1984); *see also Suslick v. Rothschild Securities Corp.,* 741 F.2d 1000, 1006 (7th Cir.1984); *Hershinow v. Bonamarte,* 735 F.2d 264, 266 (7th Cir. 1984).

■ The court awarded attorneys' fees on the common law ground that Morgan's suit had been maintained in bad faith. *See Alyeska Pipeline Service v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Cova v. Coca-Cola Bottling Co.,* 574 F.2d 958 (8th Cir.1978); *see also Smith v. Smythe-Cramer Co.,* 754 F.2d 180, 183 (6th Cir.1985). Specifically, the court found that Morgan's suit was not initiated in bad faith, but he maintained the suit in bad faith after he rejected the September 1981 settlement offer. Three circumstances supported the court's finding of bad faith. First, Union Metal had offered, and Morgan had summarily rejected, reinstatement, full seniority, and $20,805.70 in back pay. Second, an uncontroverted affidavit offered by Union Metal detailed a conversation between Morgan's and Union Metal's attorneys. According to that affidavit, Morgan's attorney acknowledged: (1) it was unlikely that a jury would award Morgan a sum greater than Union Metal had offered in the settlement; (2) Morgan preferred reinstatement at a more prestigious position than the one from which he had been discharged; (3) Morgan preferred reinstatement with a salary increase; and (4) Morgan wanted an additional $5,000 to "sweeten" the pot. Finally, Morgan failed to file a pretrial brief or to attend a scheduled pretrial hearing. The facts as found by the district court amply support the award of attorneys' fees. The court's action reveals no abuse of discretion.

The award of attorneys' fees is affirmed.