772 F.2d 908
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
J.C. THORPE AND MARY P. THORPE, PLAINTIFFS-APPELLANTS,
v.
UNITED STATES OF AMERICA, AND INTERNAL REVENUE SERVICE,
DEFENDANTS-APPELLEES.
 NO. 85-5403
 United States Court of Appeals, Sixth Circuit.
 8/29/85
 
 W.D.Ky.
 AFFIRMED
 ORDER
 BEFORE: MARTIN and JONES, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 
 1
 This case is before the Court for consideration of plaintiffs-appellants' motion to stay and for waiver of the requirement of posting bond. The appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the certified record and plaintiffs-appellants' brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiffs instituted this action challenging a $500 penalty assessed by the Internal Revenue Service, under 26 U.S.C. Sec. 6702, in connection with plaintiffs' 1980 income tax return filed as a claim for refund. The district court dismissed plaintiffs' action as frivolous and later entered a separate order dated April 22, 1985, which awarded attorney's fees to the Government in the amount of $244.19. On May 2, 1985, plaintiffs filed a notice of appeal 'from the final judgment and order entered in this action on the 22nd day of April, 1985.'
 
 
 3
 Initially, the Court notes that it is without jurisdiction to consider plaintiffs' challenge to the underlying district court decision dismissing their action on the merits. Morgan v. Union Metal Manufacturing, 757 F.2d 792 (6th Cir. 1985). Even though the district court's order of dismissal filed February 28, 1985, did not determine the specific amount of attorney's fees to be awarded to the Government, the order was nonetheless final and appealable and was even designated as such. Id. By failing to file a timely notice of appeal from this order, plaintiffs have waived their right to challenge that decision in these proceedings. Although a motion to reconsider was filed on March 18, 1985, the motion was not served within ten days of the order of dismissal and therefore did not toll the 60-day appeals period. See Rule 4(a)(1) and (4), Federal Rules of Appellate Procedure; Rule 59(e), Federal Rules of Civil Procedure. Our review is therefore limited to the question of whether the district court abused its discretion in assessing attorney's fees against the plaintiffs in the specified amount.
 
 
 4
 The assessment of attorney's fees under Rule 11, Fed.R.Civ.P., was based upon the district court's conclusion that the issue presented in the complaint, i.e., that wages are not taxable as income, was patently frivolous. The law is replete with authority rejecting plaintiffs' claim. 26 U.S.C. Sec. 61(a) & 61(a)(1); Commissioner v. Glenshaw Glass Co., 348 U.S. 426 (1955); Brushaber v. Union Pacific Railroad, 240 U.S. 1, 12 (1916); Perkins v. Commissioner, 746 F.2d 1187 (6th Cir. 1984). It further appears that the amount of attorney's fees assessed ($244.19) was not excessive.
 
 
 5
 For the above reasons, the Court concludes that plaintiffs' appeal is frivolous and entirely without merit. Rule 9(d)(2), Rules of the Sixth Circuit.
 
 
 6
 It is ORDERED that plaintiffs' motion to stay and for waiver of bond be denied, and the district court's order of April 22, 1985, awarding attorney's fees to the Government, is hereby affirmed.