836 F.2d 550
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmie Lee RILEY, Plaintiff-Appellant,
v.
Mark SMITH, Defendant-Appellee.
 No. 87-1713.
 United States Court of Appeals, Sixth Circuit.
 Dec. 28, 1987.
 
 Before NATHANIEL R. JONES, WELLFORD and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellant's response to this court's August 12, 1987, order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction. Appellant's response states that the district court misconstrued his April 14, 1987, motion for extension of time to respond to a motion for attorney fees as a motion for reconsideration. He further states that he handed his notice of appeal to a prison officer for mailing on July 12, 1987, although it was not filed until July 28, 1987.
 
 
 2
 A review of the record indicates that the case was dismissed in the district court on April 6, 1984, upon settlement of the case by the parties. The order provided that a motion to vacate the dismissal order could be entered within 60 days if the settlement was not consummated. Five months later, appellant filed a motion to reinstate the case. The motion was denied on December 4, 1984, on the basis that the motion was not filed within the period provided by the April 6, 1984, order. Appellant continued to pursue the matter. On July 12, 1985, the appellee filed a motion for attorney fees and costs to which the appellant failed to respond. Almost two years later, on March 10, 1987, the district court assessed attorney fees and costs against the appellant in the amount of $514.50. By letter to Judge Newblatt dated April 14, 1987, and filed June 11, 1987, appellant asked for an extension of time to respond to the July 12, 1985, motion for attorney fees and costs. The letter also advised why he considered the court's March 10 order improper, and asked to be provided with parts of the district court record so that he could refresh his memory regarding what had transpired in order to file a response to the motion for attorney fees. The district court construed the letter as an untimely motion for reconsideration and denied it by order entered June 26, 1987. The notice of appeal dated July 12, 1987, was filed on July 28, 1987.
 
 
 3
 The record reflects that appellant's letter filed July 11, 1987, and the notice of appeal filed July 28, 1987, were sent to Judge Newblatt's office rather than the clerk of the district court. The April 14, 1987, letter contains a handwritten "Recd 4/23/87" notation and the letter transmitting the notice of appeal contains a handwritten "Recd 7/14/87" notation. Those documents may have been received by the district court judge on the dates noted. However, even if those handwritten dates were deemed the file dates, this court would still lack jurisdiction to consider the appeal.
 
 
 4
 The March 10, 1987, order awarding attorney fees was an appealable order. Myers v. Ace Hardware, Inc., 777 F.2d 1099 (6th Cir.1985); Morgan v. Union Metal Mfg., 757 F.2d 792 (6th Cir.1985). Appellant's letter dated April 14, 1987, seeking an extension of time to respond to a motion which previously had been ruled upon by the district court was, in essence, either a motion for extension of time to file a motion for reconsideration or a motion for reconsideration. The district court is prohibited by Fed.R.Civ.P. 6(b) from granting such an extension of time. Also, if treated as a Fed.R.Civ.P. 59(e) motion for reconsideration, it was not served within the ten day period as computed pursuant to Fed.R.Civ.P. 6(a). The letter failed to toll the appeals period as provided by Fed.R.App.P. 4(a)(4).
 
 
 5
 Although the notice of appeal was filed from the June 26, 1987, order denying reconsideration, such an order is not appealable. Walker v. Matthews, 546 F.2d 814, 817 n. 1 (9th Cir.1976). A notice of appeal can be treated as an appeal from an appealable order only when the motion for reconsideration of an appealable order was timely served and tolled the appeals period. Peabody Coal Co. v. Local Union Nos. 1734, 1508 & 1548, UMW, 484 F.2d 78 (6th Cir.1973). Having concluded above that such a motion was not timely served.
 
 
 6
 It is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.