894 F.2d 408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Teresa SHELLEY, Administratrix of the Estate of Bobby
Shelley, Deceased; Rebecca Ann Dyer; Teresa Shelley, Joint
Administratrixes of the Estate of Mary Buchanan, Deceased;
Teresa Shelley, Administratrix of the Estate of LaNell
Shelley, Deceased, Plaintiffs-Appellants
Ralph D. Gibson, Attorney-Appellant
v.
TEXAS EASTERN TRANSMISSION, INC., Defendant-Appellee
Lester H. Burns, Jr.; Mary C. Noble, Attorneys-Appellees.
 Nos. 89-6176, 89-6513.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1990.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiffs and their counsel, Ralph Gibson, appeal the district court's division of the contingent fee due in these wrongful death actions which have been settled on the merits. The defendant and appellee-attorney Mary C. Noble have moved separately for dismissal of Case No. 89-6176. Gibson and the plaintiffs respond in opposition.
 
 
 2
 The plaintiffs filed a "protective" notice of appeal to preserve their right to appeal in the event the district court's order of August 9, 1989, was deemed a final and appealable order. An order granting attorney's fees which does not quantify the amount to be awarded is not a final, appealable order. Morgan v. Union Metal Manufacturing, 757 F.2d 792 (6th Cir.1985). Accordingly, the August 9 order was not final at the time it was entered. Further, the district court's dismissal of the action on August 30 (subject to reinstatement if settlement failed) did not render the order final since the amount of the fees remained at issue pending settlement. Accordingly, there was no final, appealable order at the time Case No. 89-6176 was filed. Our jurisdiction attaches, if at all, when the notice of appeal is filed in the district court. Oak Construction Company v. Huron Cement Company, 475 F.2d 1220 (6th Cir.1973) (per curiam). Accordingly, we have no jurisdiction in 89-6176.
 
 
 3
 Subsequently, the district court entered two orders on November 1, 1989. One of these orders denied the plaintiffs' pending motion to vacate the August 9, 1989, order and declared that order to be final. The other order directed the defendant to pay specific amounts to the various plaintiffs in accordance with the settlement reached in the case. The remaining amounts were directed to be paid to the court to be held in escrow pending resolution of the attorneys' fees issue. These orders, by quantifying the attorneys' fees due each attorney, rendered final the district court's resolution of the issue and commenced a new period for appeal. We conclude that the objections to one of the November 1 orders which are pending in the district court does not impair our jurisdiction as they relate to matters of execution of the judgment. Further, the discrepancy as to whether the contingent fee agreement in one of the cases was for 33% or 35% of the settlement proceeds appears to be agreed by the parties' and is in the nature of a technical error. See Fed.R.Civ.P. 60(a). Such motions do not toll the time for appeal. See Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 668 (5th Cir.), cert. denied, 479 U.S. 930 (1986). Accordingly, Case No. 89-6513 shall continue upon the docket.
 
 
 4
 It is therefore ORDERED that the motions to dismiss Case No. 89-6176 are granted. Case No. 89-6513 shall continue upon the docket. The plaintiff and Gibson may refile the brief already submitted in 89-6176 in accordance with the briefing schedule to be established in 89-6513 if they so chose.