925 F.2d 1463
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rochester HARRIS, Plaintiff-Appellant,
James B. Hendricks, Steven Lewis Holly, Robert Taylor, Plaintiffs,
v.
Robert BROWN, Jr., Director, Michigan Department of
Corrections, Robert G. Redman, Warden, Lakeland Correctional
Facility, Sue Brandt, Mail Supervisor, Lakeland Correctional
Facility, Defendants-Appellees.
 No. 90-2231.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1991.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellant's response to this court's November 28, 1990, order directing him to show cause why his appeal should not be dismissed because of a late notice of appeal. Appellant responded stating that he could not file his notice of appeal as the district court retained jurisdiction until after the defendants' motion to tax costs was resolved.
 
 
 2
 It appears from the record that the judgment was entered September 26, 1990. The notice of appeal was filed on November 1, 1990. This filing occurred six days late. Fed.R.App.P. 4(a) and 26(a).
 
 
 3
 It is well established that the effective filing of a notice of appeal transfers jurisdiction from the district court to the court of appeals to all matters involved in the appeal, Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam). However, federal courts have repeatedly held that the filing of a notice of appeal in the underlying action does not affect the district court's jurisdiction to consider a post judgment motion. See, e.g., Morgan v. Union Metal Mfg., 757 F.2d 792, 794 (6th Cir.1985) (district court had jurisdiction to consider a post judgment motion for attorneys fees).
 
 
 4
 The failure of an appellant to file a timely notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam); McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank and Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 5
 It is ORDERED that the appeal be, and it hereby is, dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.