966 F.2d 1453
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John MOORE; Kathy Moore, Parents of Kevin Moore, a minor,
Plaintiffs-Appellees,
v.
The CRESTWOOD LOCAL SCHOOL DISTRICT BOARD OF EDUCATION,
Defendant-Appellant.
 No. 91-4157.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1992.
 
 1
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 The defendant appeals the district court's order determining that the defendant is liable for attorney's fees incurred by the plaintiffs in exercising their rights under the Individuals with Disabilities Education Act (IDEA). A review of the briefs which have been filed in this matter indicate that the parties were unable to agree upon the educational placement of Kevin Moore. At a due process hearing, the hearing officer resolved pending issues and directed actions to be taken with respect to Kevin's education. Thereafter, the plaintiffs filed this action in the district court seeking attorney's fees under the IDEA pursuant to 20 U.S.C. § 1415(e)(4)(B).
 
 
 3
 On November 4, 1991, the district court entered an order granting summary judgment to the plaintiffs. A judgment pursuant to Fed.R.Civ.P. 58 was entered the same day. However, upon closer reading of the district court's order, it is apparent that only the defendant's liability for attorney's fees was decided. The court further directed that the plaintiffs' attorney submit an itemized account of fees and costs incurred. Thus, even though the plaintiffs sought a specific sum in their complaint, the district court has yet to determine the specific amount of judgment. The defendant appealed from the district court's order.
 
 
 4
 This court is obligated to review its appellate jurisdiction and may do so at any time prior to the entry of a final decision. Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737, 740 (1976); Purnell v. Akron, 925 F.2d 941, 943-44 (6th Cir.1991). Generally, this court has jurisdiction only in appeals from final decisions of the district court. 28 U.S.C. § 1291. A judgment of the district court which determines liability, but not the amount of the judgment is not final for purposes of appeal. Liberty Mutual, 424 U.S. at 744. In the instant case, proceedings are pending in the district court that will determine the amount of judgment. A determination of the amount of attorney's fees is not collateral to a determination of liability for attorney's fees. See Morgan v. Union Metal Mfg., 757 F.2d 792, 795 (6th Cir.1985). The defendant may seek review of the district court's decision once final judgment in a specific amount has been entered.
 
 
 5
 It therefore is ORDERED that this appeal is dismissed sua sponte for lack of jurisdiction, without prejudice to the defendant's right to perfect a timely appeal from the district court's entry of final judgment in this case.
 
 
 
 *
 The Honorable Charles W. Joiner, U.S. Senior District Judge for the Eastern District of Michigan, sitting by designation