50 F.3d 10
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond JACKSON, Plaintiff-Appellant,
v.
Kenneth McGINNIS; Robert Kapture, Defendants-Appellees.
 No. 94-2089.
 United States Court of Appeals, Sixth Circuit.
 March 16, 1995.
 
 1
 Before: NELSON and SUHRHEINRICH, Circuit Judges, and SMITH, District Judge.*
 
 ORDER
 
 2
 Raymond A. Jackson appeals pro se from a district court order which awarded costs to the defendants in a civil rights action that he had filed under 42 U.S.C. Sec. 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In the underlying civil rights case, Jackson alleged that the defendants violated his Fourteenth Amendment rights by treating black inmates more harshly than white inmates at the prison where he was incarcerated. On November 24, 1993, the district court adopted a magistrate judge's recommendation and awarded summary judgment to the defendants. Jackson did not appeal this judgment, and it is not directly at issue in this appeal.
 
 
 4
 On December 28, 1993, the defendants filed a motion for $16.25 in costs under 28 U.S.C. Secs. 1920 and 1923(a). Jackson did not file a response to this motion. However, on December 28, 1993, Jackson did tender an amended complaint that personalized the general allegations in his original complaint. The district court struck the amended complaint on January 13, 1994. The defendants' motion for costs was granted almost nine months later, on September 9, 1994. It is from this judgment that Jackson now appeals.
 
 
 5
 Costs are taxable, even against an indigent party, at the discretion of the court. 28 U.S.C. Sec. 1915(e); Weaver v. Toombs, 948 F.2d 1004, 1014 (6th Cir.1991). Jackson does not argue that the defendants are not entitled to costs or that he is unable to pay the costs that were awarded by the district court. Nevertheless, it is noted that the court properly considered Jackson's capacity to pay the award when costs were assessed. See Sales v. Marshall, 873 F.2d 115, 120 (6th Cir.1989).
 
 
 6
 Jackson now argues that the district court failed or refused to order a responsive pleading to the defendants' motion for costs. This argument is refuted by the record. The district court entered a scheduling order, which allowed a response to be filed no later than January 14, 1994. A stamp on the back of this order shows that it was mailed to Jackson on January 3, 1994. Moreover, Jackson was served with the defendants' cost motion and supporting brief on December 27, 1993. The court waited more than nine months before granting this motion, yet Jackson did not tender a response or seek permission to do so at any time.
 
 
 7
 Jackson also argues that the district court erred by striking his amended complaint. However, the merits of Jackson's civil rights case are not at issue here because he did not file a timely appeal from the district court's judgment dismissing that case. See Morgan v. Union Metal Mfg., 757 F.2d 792, 795 (6th Cir.1985).
 
 
 8
 Accordingly, the district court's judgment awarding costs is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George C. Smith, United States District Judge for the Southern District of Ohio, sitting by designation