NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0757n.06

No. 09-5239

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**

**Dec 01, 2009**

LEONARD GREEN, Clerk

CEDARSTONE BANK,

    Plaintiff-Appellee,

v.

MUSIC CITY RV, LLC and GARY ARMAGH,

    Defendants-Appellants.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE MIDDLE
DISTRICT OF TENNESSEE

_____/

Before:  MARTIN, ROGERS, Circuit Judges; REEVES, District Judge.[*]

BOYCE F. MARTIN, JR., Circuit Judge.  Appellants Music City RV, LLC and Gary Armagh appeal a district court's remand of appellee Cedarstone Bank's action against them to Tennessee state court for lack of subject matter jurisdiction and the district court's grant of attorney fees and costs to Cedarstone under 28 U.S.C. § 1447(c).  Appellants subsequently waived their appeal of the district court's decision to remand for lack of subject matter jurisdiction and we do not have jurisdiction to hear the pendant appeal of the  grant of attorney fees because the district court has not yet monetized the fee award.  We therefore **DISMISS** for lack of appellate jurisdiction.

I

Music City sells recreational vehicles at its Nashville location.  Cedarstone provides financing for those sales.  Armagh, a member of Music City, served as Music City's general manager

_____

[*] The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

and signed as a guarantor of Cedarstone's loans to Music City. This case arises out of that financing arrangement.

The financing agreement required that, *inter alia*, the purchaser would maintain possession of the recreation vehicles in good working condition. Cedarstone alleges that, in four sales, there were fictional purchasers who did not buy vehicles, but, instead, Music City and Armagh converted the vehicles for their personal use and leased the vehicles. When these loans defaulted, Cedarstone sought possession of the vehicles and recovery of damages caused by the default. On May 15, 2008, Cedarstone filed an action in the Chancery Court of Davidson County, Tennessee against Music City, a citizen of New York and every state in which one of its members is a citizen, and Armagh, a citizen of Tennessee, jointly and severally, seeking compensatory and equitable relief for breach of contract, fraud, fraudulent inducement, and conversion of Cedarstone's property. The state court set a writ of possession hearing to be heard on June 6, 2008.

On June 5, 2008, Music City removed the action to the United States District Court of the Middle District of Tennessee. On the same date, Music City moved to dismiss Armagh under Federal Rule of Civil Procedure 21 on the basis that Armagh was a "dispensable nondiverse party" that could be dismissed from the action or that Armagh was fraudulently joined to defeat diversity. On June 23, 2008, Cedarstone Bank filed a motion to remand the action back to state court and a response to Music City's motion to dismiss, along with a motion for attorney fees. On June 29, Music City filed its memorandum and Armagh's declaration in support of its motion to dismiss.

On August 28, 2008, the district court, considering Cedarstone's motion to remand and motion for attorney fees, found that Armagh was not fraudulently joined because Cedarstone had

clear legal claims against Armagh.  Additionally, the district court granted Cedarstone's motion for attorney fees under 28 U.S.C. § 1447 because Music City's "position to justify removal is factually and legally frivolous."  The court then remanded the action to the state court.  On January 27, 2009, the district court denied Music City and Armagh's motion to alter or amend the remand order .  Before Cedarstone entered a fee petition, Music City and Armagh timely appealed.

## II.

At oral argument, Music City and Armagh abandoned their argument as to the propriety of the district court's order remanding this case to state court.[1]  This leaves only the award of costs and attorney fees under 28 U.S.C. § 1447(c) to Cedarstone as an issue on appeal.  Here, Music City and Armagh appealed the court's decision to award attorney fees and costs before the court had monetized the attorney fees and costs and entered final judgment.  Had they waited to appeal the actual award, we would have had jurisdiction over their appeal.  *Warthman v. Genoa Township Bd. of Trustees*, 549 F.3d 1055, 1059-60 (6th Cir. 2008) (citing *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 255 (6th Cir.1997) (holding that we have jurisdiction to review the award or denial of attorney fees under § 1447(c)).  However, as the order awarding attorney fees on appeal was not final within the meaning of 28 U.S.C. § 1291  because it left open the amount of the fees to be paid, we find that we do not now have jurisdiction to hear their appeal.

---

[1]  Regardless, the district court's decision to grant Cedarstone's motion to remand the case to state court is not subject to review by this court.  *See* 28 U.S.C. § 1447(d); *Powerex Corp. v. Reliant Energy Servs.*, Inc., 551 U.S. 224, 233 (2007) (noting that remands based on a lack of subject matter jurisdiction are shielded from appellate review by 28 U.S.C. § 1447(d)).

While circuits are split as to whether there is appellate jurisdiction to review an order awarding attorney fees when the amount of the award remains to be determined, s*ee Pridgen v. Andresen*, 113 F.3d 391, 393-94 (2d Cir. 1997) (collecting cases and documenting the circuit split), we have previously held that an award of attorney fees that directs that a fee be paid but does not set the amount is not final and therefore not appealable. *Morgan v. Union Metal Mfg.*, 757 F.2d 792, 794-96 (6th Cir. 1985). This is because "a determination of attorneys' fees is not collateral to a determination of liability for attorneys' fees." *Id.* at 795. However, we may hear an appeal of the grant of attorney fees before a net amount is set when the award of fees is connected to an appeal of the merits of the case. *Loudermill v. Cleveland Bd. Of Educ.*, 844 F.2d 304, 308 (6th Cir. 1988).

Here, the award of fees is not tied into the merits of the case; indeed, Music City and Armagh abandoned all appeals on the merits. As Music City and Armagh appealed an award of attorney fees without a determination of the amount of attorney fees ever having been made—indeed, Cedarstone has still not submitted a petition for fees and costs—we do not have jurisdiction over this appeal.

**III.**

For the reasons discussed above, we **DISMISS** for lack of appellate jurisdiction..