**James LOUDERMILL, Plaintiff,**

v.

**CLEVELAND BOARD OF EDUCATION, Defendant.**

No. C81–2132.

United States District Court, N.D. Ohio, E.D.

Oct. 17, 1986.

Sanford Berger, Robert Fertel, Cleveland, Ohio, for plaintiff.

James Wyman, Bd. of Educ.

Stuart Friedman, City of Cleveland, Law Dept., Cleveland, Ohio for defendant.

---

MEMORANDUM OF OPINION

MANOS, District Judge.

On October 27, 1981, James Loudermill, plaintiff, filed the above-captioned case against the Cleveland Board of Education ("Board"), defendant,[1] alleging violations of 42 U.S.C. § 1983.[2] Jurisdiction is in-

---

1. Loudermill originally named additional defendants, but, on September 12, 1985, he dismissed his claims against them.

2. 42 U.S.C. § 1983 provides in pertinent part: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of

any State ... subjects, or causes to be subjected, any citizen of the United States ... thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

voked under 28 U.S.C. § 1343(3) and (4).[3] On November 6, 1981, this court dismissed the complaint for failure to state a claim on which relief could be granted. On November 17, 1983, the Sixth Circuit Court of Appeals affirmed the court's dismissal of "that part of [the complaint] which alleged that delays in post-termination hearings violated [Loudermill's] due process rights" but vacated and remanded "that part of the district court's judgment that dismissed the pre-termination procedural due process [claim]." 721 F.2d 550, 564 (1983). The United States Supreme Court affirmed the Sixth Circuit's decision and remanded for further proceedings. 470 U.S. 532, 105 S.Ct. 1487, 1496, 84 L.Ed.2d 494 (1985). On September 11 and 12, 1986, this court tried the issue of whether Loudermill was given a pretermination hearing and, for the reasons stated below, finds that the Board had given Loudermill a pretermination hearing.

## I.

In September, 1979, the Board hired Loudermill as a nighttime security guard. On his job application, he indicated that he had never been convicted of a felony. Exhibit I. In October, 1980, as part of a routine examination of employment records, the Board discovered that he had a felony conviction.

After Thomas Roche, Loudermill's supervisor, learned of Loudermill's conviction, he summoned him to his office. No reason was given for the summons. On or about October 27, 1980, Loudermill met with Roche.

At the meeting, Roche informed Loudermill of Loudermill's conviction. Roche testified that he showed him a Cuyahoga County Sheriff's Report, containing information that Loudermill had been indicted in 1968 for burglary of an inhabited dwelling and sentenced to six months in the workhouse, and Loudermill's employment application in which he had answered "No" to the question, "Have you ever been convicted of a crime (felony)?" Exhibits I and K. Loudermill testified that Roche showed him only a piece of scrap paper with handwriting on it, which stated that he had been convicted of a felony. Roche testified that he asked Loudermill to explain the apparent falsehood on the employment application. Loudermill testified that he did not recall being asked to explain his response on his application.[4] Both Loudermill and Roche testified that Loudermill stated during the meeting that he believed his conviction was for a misdemeanor, not a felony. Roche testified that Loudermill explained that he believed his conviction was for a misdemeanor because he was sentenced to six months in the workhouse. Loudermill, on the other hand, testified that he did not recall being given an opportunity to explain his conviction.

Loudermill testified that Roche then informed him that he could no longer work as a nighttime security guard because, as a felon, he was not permitted to carry a gun. According to Loudermill, Roche offered him a daytime job and gave him until the end of the week[5] to decide whether to accept it, resign, or be discharged. Roche testified that he gave Loudermill until the end of the week to produce any evidence in support of his statement that he was convicted of a misdemeanor. Roche further

---

3. 28 U.S.C. § 1343 provides in pertinent part:
   The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

   .    .    .    .    .

   (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States ...;
   (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights....

4. On January 29, 1981, Loudermill testified at his Civil Service Commission Hearing that Roche had stated, "You falsified your application."

5. Loudermill testified that his conversation with Roche took place on a Monday; Roche testified that the conversation occurred on a Monday or Tuesday. Thus Loudermill had 4 or 5 days to respond.

testified that he told Loudermill he might be able to find some other job for him.

Loudermill did not contact Roche after that meeting.[6] By letter dated November 3, 1980, the Board's business manager informed Loudermill of his dismissal because of dishonesty. Exhibit 1.

## II.

■ As a tenured public employee, Loudermill was entitled to a pretermination hearing. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985). The pretermination hearing "need not be elaborate," *id.,* but must give the employee "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id.* If state law provides for a full administrative post-termination hearing and judicial review, the pretermination hearing need serve only as "an initial check against mistaken decisions —essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *Id.*

Since Ohio law provides for a full post-termination hearing, *see* Ohio Rev.Code § 124.34; *Loudermill,* 105 S.Ct. at 1496, all that need be determined is whether the meeting between Loudermill and Roche gave Loudermill adequate notice of the charges against him and an opportunity to respond.

■ Due process requires notice which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Memphis Light, Gas & Water Division v. Craft,* 436 U.S. 1, 13, 98 S.Ct. 1554, 1562, 56 L.Ed.2d 30 (1978) (quoting *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)). The evidence adduced at trial established that Loudermill had adequate notice of the charges against him. At their meeting,

Roche informed Loudermill that a falsehood had been discovered on his application. This was sufficient notice to Loudermill that his honesty was at issue. Further, the application included the statement

I certify that all the statements made by me in this application are true, complete and correct to the best of my knowledge and that I am aware that any false statements will be sufficient cause for dismissal from or refusal of appointment for any position with the Cleveland Board of Education.

Exhibit I. Roche showed Loudermill this document and the sheriff's report. The contents of these documents served as additional notice to Loudermill that his honesty was questioned.

During the meeting, Loudermill was afforded an opportunity to explain, and he did. Further, he was given 4 or 5 days to expand on or to supplement his explanation. He did not do so. The time provided to Loudermill during and after the meeting with Roche constituted a sufficient opportunity to respond to the charge.

Due process requires only that the pretermination hearing provide an employee with notice of the charges against him and an opportunity to respond. *Loudermill,* 105 S.Ct. at 1496. Courts interpreting this requirement have held that due process is satisfied even when the opportunity to respond occurs immediately after notice of the charges. *See, e.g., Brasslett v. Cota,* 761 F.2d 827, 836 (1st Cir.1985) (due process satisfied when notice and opportunity to explain provided during a one hour meeting between employee and supervisor); *Buschi v. Kirven,* 775 F.2d 1240, 1256 (4th Cir.1985) (due process satisfied when supervisor offered employees pretermination interviews, although they refused the interviews); *Kelly v. Smith,* 764 F.2d 1412, 1414 (11th Cir.1985) (due process satisfied when notice of charge and opportunity to respond provided during a single meeting); *see also Gurish v. McFaul,* 801 F.2d 225 at 227 (6th Cir.1986). Since Loudermill received adequate notice of the charge

---

**6.** Loudermill testified that he consulted an attorney immediately after meeting with Roche.

against him, saw the Board's evidence, and was offered several days to respond, the court concludes that Loudermill received a pretermination hearing which satisfied the requirements of due process.

Accordingly, the court finds for the defendant.[7]

IT IS SO ORDERED.

7. During the trial, plaintiff argued that this was a class action. This case was never certified as a class action during the original proceedings in this court. Further, the Supreme Court did not address the class certification issue. Accordingly, the court declines to consider the class certification argument raised at trial.