**James LOUDERMILL, individually and on behalf of all others similarly situated, Plaintiff–Appellant (86–4069), Plaintiff–Appellee (87–3435),**

v.

**CLEVELAND BOARD OF EDUCATION, Defendant–Appellee (86–4069), Defendant–Appellant (87–3435).**

**Nos. 86–4069, 87–3435.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 4, 1988.

Decided April 6, 1988.

Sanford J. Berger, Robert M. Fertel (argued), Berger and Fertel, Cleveland, Ohio, for Loudermill.

Stuart A. Friedman, James Wyman (argued), Cleveland Bd. of Educ., Cleveland, Ohio, for Cleveland Bd. of Educ.

Before JONES and MILBURN, Circuit Judges, and JOINER, Senior District Judge.*

NATHANIEL R. JONES, Circuit Judge.

These appeals, consolidated by this court's July 24, 1987 order, stem from the district court's decisions granting James Loudermill attorneys' fees and holding that he was provided proper pretermination procedures by the Cleveland Board of Education. For the following reasons, we affirm the district court's decisions.

I.

This case was originally filed by James Loudermill ("Loudermill") on October 27, 1981 in the United States District Court for the Northern District of Ohio against the Cleveland Board of Education ("Board") alleging violations of 42 U.S.C. Section 1983.[1] At that time, Loudermill also filed a motion to proceed *in forma pauperis* asserting that he was unable to pay the required filing fees.

On November 6, 1981, the district court, *sua sponte*, dismissed Loudermill's complaint for failure to state a claim upon which relief could be granted and denied his motion to proceed *in forma pauperis*. This was done prior to the service of Loudermill's complaint upon the Board.

On November 17, 1983, pursuant to Loudermill's appeal, this court affirmed the district court's dismissal of the part of Loudermill's complaint alleging that delays in receiving a post-termination hearing had violated his due process rights, but vacated and remanded the part of the lower court's opinion which held that no pretermination procedures were required to be given to Loudermill. *Loudermill v. Cleveland Board of Education*, 721 F.2d 550 (6th Cir.1983). The United States Supreme Court affirmed this court's decision and remanded the case to the district court for further proceedings. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).

Upon remand the district court tried the issue, asserted for the first time by the Board, of whether Loudermill was given a pretermination hearing that would comply with the Supreme Court's mandate.

During the bench trial, conducted on September 11–12, 1986, testimony was given concerning the pretermination procedures provided by the Board to Loudermill. This testimony was adopted by the lower court in its findings of fact. *See Loudermill v. Cleveland Board of Education*, 651 F.Supp. 92, 93–94 (E.D.Ohio 1986). Those findings, which we do not disturb, are as follows. In September 1979, the Board hired Loudermill as a night-time security guard. On his job application, he indicated that he had never been convicted of a felony. In October 1980, as a part of a routine examination of employment records, the Board discovered that Loudermill had a felony conviction. Dishonesty by an applicant was an automatic ground for dismis-

---

* The Honorable Charles W. Joiner, Senior District Judge for the Eastern District of Michigan, sitting by designation.

1. 42 U.S.C. Section 1983, in pertinent part, provides:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subject-ed, any citizen of the United States ... thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
 42 U.S.C. § 1983 (1982).

sal.[2]

After Thomas Roche, Loudermill's supervisor, learned of Loudermill's conviction, he summoned him to his office.[3] No reason was given for the summons, but on or about October 27, 1980, Loudermill met with Roche.

At that meeting, Roche informed Loudermill that he knew of his conviction. Roche testified that he showed Loudermill a Cuyahoga County Sheriff's Report containing information that Loudermill had been convicted in 1968 for burglary of an inhabited dwelling and sentenced to six months in "the workhouse." He also testified that he showed Loudermill his employment application in which he had answered "No" to the following question:

Have you ever been convicted of a crime (felony)?

Loudermill, however, testified that Roche only showed him a piece of scrap paper with handwriting on it which stated that he had been convicted of a felony.

Roche testified that he asked Loudermill to explain the apparent falsehood on the employment application. Loudermill testified that he did not recall being asked to explain his response on the application. Both men, however, testified that Loudermill stated during the meeting that *he believed* his conviction was for a misdemeanor, not a felony. Roche testified that Loudermill explained that he believed his conviction was for a misdemeanor because he was sentenced to six months in the workhouse, while Loudermill, on the other hand, testified that he did not recall being given an opportunity to further explain the conviction.

Loudermill testified that Roche informed him that he could no longer work as a night-time security guard because, as a felon, he was not permitted to carry a gun. According to Loudermill, Roche offered him a daytime job and gave him until the end of the week, which was three to four days, to decide whether to accept it, resign, or be discharged. Roche also stated that he gave Loudermill until the end of the week to produce any evidence in support of his statement that he was convicted of a misdemeanor.

Loudermill did not contact Roche after that meeting. By a letter dated November 3, 1980, the Board's Business Manager informed Loudermill of his dismissal because of dishonesty. Thereafter, Loudermill sought legal counsel.

After hearing the above testimony, the district court held that the procedures provided by the Board ensured Loudermill of a pretermination hearing and were not violative of his due process rights. This appeal followed.

Prior to the district court's decision, however, Loudermill, on September 9, 1986, filed a motion for attorneys' fees pursuant to 42 U.S.C. Section 1988.[4] Loudermill claimed "prevailing party" status under the statute. On November 13, 1986, the Board filed a brief in opposition to Loudermill's motion.

On December 8, 1986, the lower court held that Loudermill, as contemplated by the statute, was a prevailing party. This

---

2. The application which Loudermill filled out contained the following provision:

 I certify that all the statements made by me in this application are true, complete and correct to the best of my knowledge and that I am aware that any false statements will be sufficient cause for dismissal from or refusal of appointment for any position with the Cleveland Board of Education.

 Thus, Loudermill was not fired for being a felon, but for his dishonesty in the application process. *See Loudermill,* 651 F.Supp. at 94.

3. Roche was Loudermill's supervisor, but was not the person, under Ohio law, who was empowered with the authority to discharge him.

That person is the Business Manager of the Board of Education. Such a decision, however, requires the subsequent confirmation of the Board. *See State ex rel. Specht v. Board of Education,* 66 Ohio St.2d 178, 181, 420 N.E.2d 1004 (1981).

4. 42 U.S.C. Section 1988, in pertinent part, provides:

 In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

 42 U.S.C. § 1988 (1982).

determination was based upon the fact that Loudermill's case had served as the "catalyst" which had caused the Cleveland Civil Service Commission to make changes in its rules to provide for a pretermination hearing prior to the discharge of its employees. *See* Civil Service Rule 9.20. The court, however, declined to determine the amount of fees to be awarded to Loudermill and instead postponed that determination until a later date.

On April 3, 1987, the lower court held that its order on attorney's fees was final and appealable pursuant to Fed.R.Civ.P. 54(b) and that there was no just cause for a delay of an appeal. On May 1, 1987, the Board filed its notice of appeal.

On July 6, 1987, the Board moved this court to consolidate the hearings of the two appeals pending in this case. On July 24, 1987, that motion was granted.

## II.

### JURISDICTION

◼ As an initial matter, we note that this court has jurisdiction over all issues presented to us even though the *amount* of attorneys' fees has not yet been determined.

This court recently addressed the distinction between an appeal on the merits of a case and an appeal on attorneys' fees. In *Morgan v. Union Metal Mfg.*, 757 F.2d 792 (6th Cir.1985), this court held that while a judgment on the merits was a final judgment and could be appealed when the amount of attorneys' fees was undecided, *id.* at 794, such reasoning did not apply to a splitting of the elements of attorneys' fees. The court stated:

> [A] determination of the *amount* of attorneys' fees is not collateral to a determination of *liability* for attorneys' fees. A rule that permits a party to delay an appeal of a finding of liability for attorneys' fees until the amount of fees is determined serves the purpose of avoiding piecemeal litigation.

*Id.* at 795 (emphasis added and citations omitted).

This appeal, however, differs in at least one respect. Here, an appeal on the merits has been consolidated with an appeal on the determination of liability for attorneys' fees. The *Morgan* court specifically addressed this situation and held that this court has jurisdiction to decide both the merits and the attorneys' fees claim. In so doing, the court stated:

> The rule permitting a party to delay an appeal until the amount of fees is determined will not have untoward consequences in those instances in which *the party timely appeals a judgment on the merits and wishes to consolidate with it an appeal from a determination of liability for attorneys' fees when the amount of fees has not been set. In those cases, the court's jurisdiction over the appeal on the merits carries with it the authority to determine the liability for fees.*

*Id.* at 796 (emphasis added). Our jurisdiction in such a situation is expanded seemingly because the underlying policy considerations which would cause us to deny jurisdiction, *i.e.*, avoiding piecemeal litigation, are diminished. Thus, we have jurisdiction to decide all issues presented to us in this appeal.

### STANDARD OF REVIEW

◼ Appellate review of a district court's findings of fact is controlled by the "clearly erroneous" rule. Fed.R.Civ.P. 52(a). Consequently, a lower court's findings of fact shall not be set aside unless clearly erroneous and that standard is met "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948). This court may, however, freely review the district court's legal conclusions. *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 143 (6th Cir.1983).

◼ A different standard, however, is employed when reviewing the lower court's award of attorneys' fees to Loudermill. That award is reviewed under an abuse of

discretion standard. *See, e.g., United Slate, Tile and Composition Roofers v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 501 (6th Cir.1984); *Louisville Black Police Officers Organization, Inc. v. City of Louisville,* 700 F.2d 268, 273–74 (6th Cir.1983). This standard is derived from the language of the governing statute, 42 U.S.C. § 1988 (1982), which provides that in federal civil rights actions "the court, *in its discretion,* may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." (emphasis added).

It is pursuant to these standards that we conduct our review.

### III.

#### A.

 The first issue we decide is whether the Board may now, for the first time, assert its pretermination defense.

Loudermill asserts that the Board is barred from asserting that it provided the appropriate pretermination procedures to Loudermill since it did not raise this defense until the case was remanded by the Supreme Court to the district court for further proceedings. Loudermill raises a number of arguments, including *res judicata,* collateral estoppel and laches, in an attempt to support his claim. All of his arguments, however, run into one obstacle, *i.e.,* the procedural posture of the earlier appeals.

The earlier appeals arose when Loudermill filed his notice of appeal from the lower court's order denying him the right to proceed *in forma pauperis* and dismissing his complaint for failure to state a claim. This was done before any service of his complaint was made upon the Board and thus before any answer by the Board had been filed. The record, presented to this court and the Supreme Court, contained only Loudermill's complaint, the district court's denial of his motion to proceed *in forma pauperis* and the district court's opinion holding that Loudermill's complaint failed to state a claim upon which relief could be granted. Therefore, the Board

argues, since *both parties* are limited on appeal to what is contained in the record, and since the record contained no allegations relating to any potential defense, *i.e.,* that a pretermination hearing had been provided, the remand by the Supreme Court was its first opportunity to present its defense.

In other words, the Board argues that the first set of appeals related to whether Loudermill had *alleged* in his complaint a ground upon which relief could be granted, while the remand to the district court, and thus this appeal, concerns whether Loudermill can *prove,* now that we know he has stated a claim, that he received no pretermination hearing. We find this argument convincing even though Loudermill presents several arguments to the contrary.

Loudermill first points out that the Board could have preserved its pretermination defense in its briefs to this court and the Supreme Court. While such a reservation might have prevented this appeal, the lack thereof is certainly not a bar to the Board's ability to now raise its defense. Loudermill has cited no principle or rule of law which would mandate such a result.

Loudermill's second request that the Board be bound by its statements in its briefs which appear to concede that a pretermination hearing did not occur is also without merit. Loudermill cites Ohio law for the proposition that parties are bound by their pleadings. However, briefs prepared for oral argument are not pleadings. *See* Fed.R.Civ.P. 7. As such, the principle of law cited by Loudermill is inapplicable.

Loudermill also contends that *res judicata* and collateral estoppel prevent the Board from now raising this defense. He claims that this defense should have been first raised in 1981 when both parties were before the Cleveland Civil Service Commission. The Board, however, at that level was successful in its claim that due process does not require a pretermination hearing. As such, the Board was certainly not bound to bring up an alternative ground on which its success could be based. Thus, the

Board is not now barred from raising a new defense under this argument.

Loudermill claims that the Board is bound by the "law of the case." That is, because this court and the Supreme Court decided the earlier appeals upon the fact that there *was no pretermination hearing,* it is now too late to assert such a defense. The procedural posture of the case, however, *i.e.,* a dismissal *sua sponte* by the district court for failure to state a claim upon which relief could be granted, prevents this argument from being accepted.

In reviewing the language of this court and the Supreme Court, only the issue of whether a claim had been stated for which relief could be granted was decided by these courts, not the issue of whether Loudermill had actually proven that he had been denied such a hearing. Indeed, the Supreme Court, in affirming this court's decision, stated:

> *Because respondents allege in their complaints that they had no chance to respond, the District Court erred in dismissing for failure to state a claim.* The judgment of the Court of Appeals is affirmed, and the case is remanded for further proceedings consistent with this opinion.

*Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 548, 105 S.Ct. 1487, 1496, 84 L.Ed.2d 494 (1985) (emphasis added). Thus, this argument is also without merit.

Finally, Loudermill argues that laches bars the Board from now raising its defense. In Ohio, laches constitutes "an omission to assert a right for an *unreasonable* and *unexplained* length of time...." *Connin v. Bailey,* 15 Ohio St.3d 34, 35, 472 N.E.2d 328 (1984) (emphasis added). The party asserting such a claim must show both a delay in the opposition in asserting the new claim plus *actual prejudice* caused by the delay. *Id.*

Although this is Loudermill's strongest argument, it fails because of Loudermill's failure to demonstrate prejudice. Loudermill was not prejudiced by the Board's failure to preserve its defense because of the procedural posture of the earlier appeals and the applicable standard of review. The earlier appeals arose in the nature of a *sua sponte* dismissal for failure to state a claim. Pursuant to our standard of review with such a dismissal, "all factual allegations and permissible inferences" in the complaint are accepted as true. *Kent v. Johnson,* 821 F.2d 1220, 1223 (6th Cir. 1987). Thus, to determine whether or not Loudermill had stated a claim, all of his allegations, *i.e.,* no pretermination hearing, would have been accepted as true. As such, Loudermill did not rely on the Board's failure to preserve the issue nor is there any prejudice to him. Rather, the issues presented and decided by this court and the Supreme Court were dictated by the record and the district court's *sua sponte* dismissal. Thus, this argument, as Loudermill's other arguments, is without merit.

Therefore, for all of the above reasons, the district court was correct in holding that the Board could assert its pretermination defense. We now review whether the lower court erred in holding that Loudermill's due process rights had been adequately protected by the Board.

## B.

■ The applicable substantive law is settled. It is clearly established that Loudermill, as a tenured public employee, was entitled to a pretermination hearing. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 545, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985). Such a hearing, *though necessary,* "need not be elaborate." *Id.* In fact, the employee is *only* entitled to:

[i] oral or written notice of the charges against him;

[ii] an explanation of the employer's evidence; and

[iii] an opportunity to present his side of the story.

*Id.* 470 U.S. at 546, 105 S.Ct. at 1495.

In this case, an onerous burden is not placed upon the employer by these requirements. Indeed, the Supreme Court has

stated that where state law provides for a full administrative post-termination hearing and judicial review, the pretermination hearing:

> need not definitively resolve the propriety of the discharge. It should be an initial check against mistaken decisions—essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action.

*Id.* at 545–46, 105 S.Ct. at 1495. The Supreme Court, in *Loudermill*, held that to require more than this "prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee." *Id.* at 546, 105 S.Ct. at 1495.

Thus, the issue is whether the meeting between Loudermill and Roche gave Loudermill adequate notice of the charges against him and an opportunity to respond thereto. In examining the facts of this case, it is clear that these requirements were satisfied.

During the meeting between Roche and Loudermill, Roche informed Loudermill that a falsehood had been discovered on his application. This falsehood placed Loudermill's honesty at issue and made him subject to immediate dismissal.[5] Roche showed Loudermill his application where he had stated he had never been convicted of a felony. He also showed him the sheriff's report which stated he was convicted of a felony. At that time, Loudermill attempted to explain the discrepancy in the documents to Roche. Roche, apparently unsatisfied with his explanation, gave Loudermill four or five extra days to supplement his explanation. Loudermill, however, chose not to do so. Rather, he consulted an attorney and initiated his lawsuit.

In cases such as this, it is tempting to extend the Supreme Court's enunciated requirements of procedural due process to provide more process than the Court has set forth. Such temptation prompted Justice Marshall to write a separate opinion in the Court's *Loudermill* decision. *See Cleveland Board of Education v. Louder-*

*mill,* 470 U.S. 532, 548, 105 S.Ct. 1487, 1496, 84 L.Ed.2d 494 (1985) (Marshall, J., concurring in Part II and in the judgment). In so doing, he stated:

> I write separately, however, to reaffirm my belief that public employees who may be discharged only for cause are entitled, under the Due Process Clause of the Fourteenth Amendment, to more than respondents sought in this case. I continue to believe that *before the decision is made to terminate an employee's wages,* the employee is entitled to an opportunity to test the strength of the evidence 'by confronting and cross-examining adverse witnesses and by presenting witnesses on [their] own behalf, whenever there are substantial disputes in testimonial evidence,'.... Because the Court suggests that even in this situation due process requires *no more than notice and an opportunity to be heard before wages are cut off,* I am not able to join the Court's opinion in its entirety.

(emphasis in original and added and citation omitted). Justice Marshall also stated:

> [I]n requiring *only* that the employee have an opportunity to respond before his wages are cut off, without affording him any meaningful chance to present a defense, the Court is willing to accept an impermissibly high risk of error with respect to a deprivation that is substantial.

*Loudermill,* 470 U.S. at 550, 105 S.Ct. at 1498 (Marshall, J.) (emphasis added).

The majority of the Court, however, did not expand procedural due process to encompass such reasoning. Under the narrower view of the Court, it is clear that Loudermill's procedural due process rights were not violated by the Board's pretermination procedures.

Loudermill argues, however, that because his meeting was with Roche, his supervisor, but one not with the authority under Ohio law to actually discharge him, his notice and opportunity to respond were not meaningful. He points to the fact that Roche did not convey his remarks to the "ultimate decision-maker," *i.e.,* the Busi-

---

**5.** *See supra* footnote 2.

ness Manager and the Board, but instead presented only his conclusions on the matter. Thus, he contends that he was actually terminated by Roche.

While Loudermill's argument has a nice ring, such an argument has not been accepted by the courts. Indeed, courts construing the Supreme Court's language in *Loudermill* have required only the barest of a pretermination procedure, especially when an elaborate post-termination procedure is in place. *See, e.g., Buschi v. Kirven*, 775 F.2d 1240, 1256 (4th Cir.1985); *Kelly v. Smith*, 764 F.2d 1412, 1414 (11th Cir.1985); *Brasslett v. Cota*, 761 F.2d 827, 836 (1st Cir.1985). This court has also decided such questions of procedural due process requiring only the minimum of procedures. *See Gurish v. McFaul*, 801 F.2d 225, 227–28 (6th Cir.1986) (indicating that an interview prior to termination by one not the ultimate decision-maker is enough to satisfy due process); *Lee v. Western Reserve Psychiatric Habilitation Center*, 747 F.2d 1062, 1068–69 (6th Cir.1984) (all that is required is an "abbreviated opportunity to respond," and, under this standard, a letter informing one of the charges and an interview to explain them is sufficient). *See also Deryck v. Akron City School Dist.*, 633 F.Supp. 1180, 1183 (N.D.Ohio 1986), *aff'd without opinion*, 820 F.2d 405 (6th Cir.1987).

While it might be tempting to make this test harder and require that a meeting be with the one actually empowered with the authority to fire, the courts have not construed procedural due process to merit such a requirement.

Since Loudermill received adequate notice of the charges against him, saw the Board's evidence, and was offered several days to respond, the district court correctly concluded that Loudermill received a pretermination hearing which satisfied the requirements of procedural due process.

## IV.

The district court was also correct in granting Loudermill attorneys' fees as a prevailing party.

When a court is asked to award attorney's fees in a civil rights case, the determinative issue is whether the applicant is the 'prevailing party' in the action. This is the only standard contained in ... the [governing] statute.... Decisions under § 1988 have made it clear that it is not necessary for a party to secure a judgment in his favor in order to be a prevailing party. If a party achieves a substantial portion of the relief sought or succeeds on a significant issue as the result of an agreed settlement or a consent decree this is sufficient to support an award of attorney's fees.... *A plaintiff may also qualify as the prevailing party if his lawsuit is found to be the 'catalyst' which causes the defendant to make significant changes in its past practices, though no direct relief is obtained.*

*Othen v. Ann Arbor School Board*, 699 F.2d 309, 313 (6th Cir.1983) (emphasis added and citations omitted). *See also Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).

The Board argues that Loudermill did not achieve any of the benefits he sought in bringing his suit. It is true that he was not reinstated as a night-time security guard, that he was not awarded back pay or compensatory damages, and that his request that Ohio Rev.Code Section 124.34 be declared unconstitutional was denied. The Board also points out that a class action was never certified and that Loudermill has not even demonstrated that his individual rights were violated.

While all of the above may be true, it is clear that the Supreme Court's decision in *Cleveland Board of Education v. Loudermill*, 470 US. 532, 105 S.Ct. 1487, 84 L.Ed. 2d 494 (1985), has been heralded as a landmark case in setting forth the procedural due process rights of tenured public employees. Thus, we must determine how, and to what extent, that decision bears upon Loudermill's status as a prevailing party.

The Board argues that the Supreme Court in *Loudermill* did not establish any new law, but only reiterated a well-estab-

lished principle. Such an argument is clearly wrong. The Supreme Court does not hear and decide cases in the absence of necessity. To merely reiterate an established principle of law would not present a reason for the grant of a writ of certiorari. Indeed, the Court in *Loudermill* established exactly *what kind* of pretermination hearing must be provided to tenured public employees by balancing the *Mathews v. Eldridge* factors. *Mathews v. Eldridge,* 424 U.S. 319, 336, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976). This was precisely the question left open by the Court in its earlier cases. Thus, the Board's argument that a new principle of law was not established by the *Loudermill* decision is clearly erroneous.

The lower court granted attorneys' fees to Loudermill pursuant to the theory that his lawsuit served as a catalyst for changes in past practices of the Cleveland Civil Service Commission and the Board.[6] The lower court, in granting fees, stated:

> [B]ecause of his [Loudermill's] lawsuit, the United States Supreme Court held that a pretermination hearing must be provided to an employee who has a property interest in his employment. *Subsequently, the Commission* [Cleveland Civil Service Commission] *amended its rules to provide for a pretermination hearing.* The court concludes that Loudermill's lawsuit served as a catalyst for this amendment. Further, the amendment resulted in a significant change because, before the amendment, a civil service employee was limited to posttermination [sic] review of his discharge.

J.App. at 45–46 (emphasis in original).

The Board asserts that Loudermill cannot show the required causal relationship, *i.e.,* that his lawsuit is the factor that caused the change in the Commission's rules. The Board, in asserting this argument, falls back on the argument that the *Loudermill* decision established no new precedent, but only clarified past case law. Thus, the Board asserts, the Supreme Court's grant of a pretermination hearing is more closely akin to past precedent rather than to this specific claimant, *i.e.,* Loudermill.

As pointed out by Loudermill, he succeeded in establishing that procedural due process requires a pretermination hearing for all tenured public employees in Ohio. He correctly states that this was not the law in Ohio prior to this decision. Furthermore, although this case was never certified as a class action, the decision of the Supreme Court granted *relief* to Loudermill's class, over 16 million tenured governmental employees, and this relief was the type originally sought by Loudermill.

After *Loudermill,* as his attorneys demonstrated in the lower court, the Cleveland Civil Service Commission changed its rules to comply with the procedures mandated by the Supreme Court. As such, Loudermill has established a causal relationship between his lawsuit and the change of pretermination procedures as required by law. Because of this change, it was not an abuse of discretion for the district court to hold that he was the "catalyst" in procuring this change and thus a "prevailing party" even though he garnered no individual relief.

In sum, all of the Board's arguments ignore the effect that the Supreme Court's landmark decision in *Loudermill* has had on this area of federal constitutional rights. As such, the lower court did not abuse its discretion in holding Loudermill to be a "prevailing party" and thereby granting him attorneys' fees.

Therefore, for all of the foregoing reasons, the district court's judgments, in their entirety, are hereby AFFIRMED.

---

6. In its brief the Board argues that it made no changes in its past practices as a result of this lawsuit, but if changes were made, the Cleveland Civil Service Commission, a non-party, made such changes. Thus, the Board claims it should not be responsible for attorneys' fees as it has always provided pretermination hearings to its employees. Such an argument is a red herring and without merit. The Board has tenured public employees in its service and its rules with regard to those employees were the same as those used by the Commission. As such, the Board's past practices have been drastically changed by the *Loudermill* lawsuit.