NAACP, DETROIT BRANCH; the Guardians, Inc.; Brady Bruenton; Cynthia Martin; Hilton Napoleon; Sharon Randolph; Betty T. Roland; Grant Battle; Cynthia Cheatom; Evin Fobbs; John Hawkins; Helen Poelinitz, on behalf of themselves and others similarly situated, Plaintiffs,

v.

DETROIT POLICE OFFICERS ASSOCIATION (DPOA); Thomas Schneider, President of the DPOA; City of Detroit, a Michigan Municipal Corporation; Mayor Coleman A. Young; Detroit Police Department; Board of Police Commissioners; Chief William Hart; Governor William Milliken; and the Michigan Employment Relations Commission, Defendants.

No. 80–73693.

United States District Court,
E.D. Michigan, S.D.

Oct. 11, 1988.

Thomas Atkins, Brooklyn, N.Y., Barnhart and Mirer by Jeanne Mirer, James W. McGinnis, Detroit, Mich., for plaintiffs.

Walter S. Nussbaum, Farmington Hills, Mich., for defendants Detroit Police Officers Ass'n, David Schneider, President of DPOA.

Frank W. Jackson, Asst. Corp. Counsel, Detroit, Mich., Daniel B. Edelman, Washington, D.C., Terri L. Hayles, Asst. Corp. Counsel, Detroit, Mich., for defendants City of Detroit, Mayor Coleman A. Young, Detroit Police Dept., Bd. of Police Com'rs, Chief William Hart.

## OPINION

GILMORE, District Judge.

Absent action by the Court of Appeals,[1] with this opinion, this Court closes the books on this long-going litigation that commenced in 1980.

Before the Court is a motion by Plaintiffs seeking a determination that they are entitled to reinstatement of an award of fees made by this Court in 1985 [2], interest on that award, and a further award of fees for work done from the time of the District Court's award to the present.

In making the award in 1985, the Court directed the payment of some $400,708.50 in attorney fees to Plaintiffs' attorneys. It further ordered that the City of Detroit pay one-half of that amount and the DPOA pay one-half of that amount, for the reasons set forth in the opinion.[3] The history of this case is set forth well in previously published opinions. In *NAACP v. DPOA*, 591 F.Supp. 1194 (E.D.Mich.1984), this Court found that the City breached its affirmative and constitutionally mandated duty to remedy past potential racial discrimination in the Detroit Police Department, and directed the rehiring of black and white police officers laid off in 1979 and 1980. It further held that the breach of the City was knowing and intentional, and that the DPOA breached its duty of fair representation. The award of fees previously discussed followed in *NAACP v. DPOA*, 620 F.Supp. 1173 (E.D.Mich.1985).

In *NAACP v. DPOA*, 821 F.2d 328 (6th Cir.1987), the Court of Appeals reversed and remanded the case. On the same day, in *NAACP v. DPOA*, the Sixth Circuit, in an unpublished opinion, reversed the grant of fees previously made by this Court.[4]

In *NAACP v. DPOA*, 676 F.Supp. 790 (E.D.Mich.1988), this Court held that, in light of the language of the Court of Appeals in its remand, the Plaintiffs could maintain a § 1983 action against the City, and that the Union's motion for summary judgment on the § 1981 action was without merit. The Court also raised the question in that opinion of whether the entire case was moot. The Court said:

1. *See* infra p. 1151.

2. *NAACP v. DPOA*, 620 F.Supp. 1173 (E.D.Mich. 1985).

3. *See NAACP v. DPOA*, 620 F.Supp. at 1194.

4. 819 F.2d 1142 (6th Cir.1987).

Defendants have represented to the Court that the remedies ordered in its prior judgment against the City of Detroit have been complied with in that the City has recalled all of the discharged black officers, and has hired additional black officers to the Detroit Police Department. With reference to the DPOA, defendants have represented that a majority of the membership of the DPOA is now made up of minorities, and that, therefore, any order requiring minority representation at the various levels of the DPOA is moot, in that minorities, through intra-union political action, can protect themselves.

*Id.* at 799.

The Court then directed that a factual hearing be held on the question of mootness, and that legal briefing follow.

Subsequently, the hearing ordered was held, and in *NAACP v. DPOA*, 685 F.Supp. 1004 (E.D.Mich.1988), the Court held that the action was moot as to both the City and the DPOA. The Court said:

With reference to the City of Detroit, plaintiff concedes that all officers ordered to be recalled have been recalled, and have been given their full seniority rights under the contract between the DPOA and the City.

. . . . .

... Everything the Court sought to accomplish in its original judgment in the within matter has been accomplished. All officers laid off in 1979 and 1980 have been recalled. All of these officers have been given full seniority rights, which are protected under the collective bargaining agreement. Therefore, it appears there is no case or controversy remaining with the City, and the matter is moot as to the City.

With reference to the DPOA, the Court also finds the case to be moot.

. . . . .

Since the time of this Court's opinion in 1984, however, the racial composition of the Detroit Police Department has changed. Presently, blacks constitute 51.3 percent of the Department and 70 percent of new hires. In view of the fact that the majority of the membership of the DPOA is now made up of blacks and other minorities, they are able to protect themselves through intra-union political action against actions of white offices that would deprive them of fair representation or rights under 42 U.S.C. § 1981. This being so, there remains no controversy between the NAACP and the DPOA, and the matter is moot.

*Id.* at 1007.

It is now Plaintiffs' position that, as long as it has by suit obtained a significant portion of the desired goal, it may be declared a prevailing party, even if later events moot the claim. *See Crowell v. Mader,* 444 U.S. 505, 100 S.Ct. 992, 62 L.Ed.2d 701 (1980); *Williams v. Alioto,* 625 F.2d 845 (9th Cir.1980), *cert. denied,* 450 U.S. 1012, 101 S.Ct. 1723, 68 L.Ed.2d 213 (1981). Plaintiffs assert additionally that their claims for attorney fees survive "independently under the court's equitable jurisdiction, even though the underlying case has become moot." *See Reiser v. Del Monte Properties,* 605 F.2d 1135 (9th Cir. 1979).

Plaintiffs assert that through their efforts an order was obtained that extended the right of recall to 1,000 black and white police officers. They point out that all officers ordered returned by this Court were returned to their positions in the Detroit Police Department prior to the reversal and remand of the case by the Sixth Circuit. They also assert that this litigation and this Court's order were "the catalyst to the contractual change to recognize and protect the seniority ordered by the Court, which the Court in its June 15 opinion[5] found to be in existence, estopping the parties from later denying it."

With reference to the DPOA's claim that no fees were due, Plaintiffs assert that through this lawsuit blacks and other minorities have become the majority force in the DPOA, and, therefore, are able to pro-

5.  685 F.Supp. 1004 (E.D.Mich.1988).

tect their rights through intra-union political activity.

Plaintiffs also note that this Court, in its opinion of January 13, 1988, refused to grant the City's Motion for Entry of Judgment, and the DPOA's Motion for Summary Judgment. In denying the City's motion, the Court stated:

The findings of fact from this Court's prior opinion provide evidence that race was a motivating factor in the City's actions to lay off the black police officers.

676 F.Supp. at 796. Regarding the DPOA's Motion for Summary Judgment of the section 1981 claim, the Court stated:

[I]t is impossible to fairly read this Court's findings concerning the DPOA's history and conduct before, during, and after the 1979 and 1980 layoffs without concluding that the DPOA was indeed guilty of intentional discrimination.

*Id.* at 796–97.

Plaintiffs suggest these statements indicate that, if the case had not been deemed moot, the Plaintiffs would have succeeded on the merits.

Plaintiffs further note that the Sixth Circuit recently reiterated the standards for awarding fees even when there is no judgment in plaintiff's favor. In *Loudermill v. Cleveland Board of Education,* 844 F.2d 304 (6th Cir.1988), the court said:

When a court is asked to award attorney fees in a civil rights case, the determinative issue is whether the applicant is the "prevailing party" in the action. This is the only standard contained in ... the [governing] statute.... Decisions under § 1988 have made it clear that it is not necessary for a party to secure a judgment in his favor in order to be a prevailing party. If a party achieves a substantial portion of the relief sought or succeeds on a significant issue as a result of an agreed settlement or a consent decree this is sufficient to support an award of attorney fees.... *A plaintiff may also qualify as the prevailing party if his lawsuit is found to be the "catalyst" which causes the defendant to make*

*significant changes in his past practices, though no direct relief is obtained.*

*Id.* at 312 (citations omitted and emphasis in original) (quoting *Othen v. Ann Arbor School Board,* 699 F.2d 309, 313 (6th Cir. 1983))

Plaintiffs argue that this Court made it clear in its opinion of January 13, 1988, that Plaintiffs have succeeded in obtaining a "significant portion of the relief sought." Plaintiffs assert this litigation and the Court's order were the "catalyst" in recalling the laid-off police officers, protecting minorities in the DPOA and in obtaining the contractual charge protecting the laid-off officers' seniority.

Defendants, on the other hand, argue that, in reversing the prior fee award, the Sixth Circuit held Plaintiffs were no longer prevailing parties under 42 U.S.C. § 1988. They state that the Sixth Circuit ruling on fees "remains the law of the case, and that nothing has occurred to change it."

Defendants point to the language of the Sixth Circuit in its unpublished opinion reversing this Court's granting of fees. There, the court stated: "It is required that the plaintiffs prevail before attorney fees may be assessed against defendants, and plaintiffs are no longer prevailing parties. The award of fees is REVERSED accordingly." 819 F.2d 1142 (6th Cir.1987).

Defendant City also claims that the Sixth Circuit vacated the relief granted to Plaintiffs, and remanded for further proceedings, consistent with its holding that this Court held the City defendants liable on a theory of law contrary to the appellate court's prior decision in *Bratton v. City of Detroit,* 704 F.2d 878 (6th Cir.), *modified* 712 F.2d 222 (6th Cir.1983), *cert. denied,* 464 U.S. 1040, 104 S.Ct. 703, 79 L.Ed.2d 168 (1984). The City asserts that the best that can be said for Plaintiffs' claim is that the Sixth Circuit opinion did not foreclose consideration by this Court of an alternative legal basis for Defendants' liability, if a live controversy remained. However, the City argues that a reconsideration of the merits of Plaintiffs' claim is foreclosed be-

cause of this Court's opinion finding the entire case moot.[6]

Defendants further argue that the January 13, 1988, opinion of this Court[7] did not reestablish Plaintiffs' status as prevailing parties. Defendants assert that relief came through an injunction that has been determined on appeal to have been based upon a mistake of law that does not confer prevailing party status and does not support a fee award. *See Palmer v. City of Chicago*, 806 F.2d 1316, 1322 (7th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 2180, 95 L.Ed.2d 836 (1987); *Doe v. Busbee*, 684 F.2d 1375, 1381–83 (11th Cir.1982).

In sum, the City argues that the theoretical existence of an alternative basis on which the City could potentially have been held liable for a constitutional breach cannot form a basis for fee entitlement under § 1988, especially when the original theory of liability was found incorrect by the Court of Appeals.

Defendant DPOA also denies liability for fees. It argues that it cannot be shown that the NAACP was a prevailing party with reference to the DPOA. It asserts that the occurrence changing the racial composition of the DPOA was not as a result of this lawsuit, but reflected the racial composition of the City of Detroit, and that in no way could it be said that the Plaintiffs prevailed against the DPOA. DPOA contends that the order of this Court did not bring about the change. It asserts the racial composition of the Police Department changed because of the hiring of large numbers of new officers, 70 percent minority *after* the compliance of the City with this Court's order; this, in turn, affected the racial composition of the DPOA.

In summary, the DPOA asserts that Plaintiffs have not achieved any of the benefits they sought by virtue of their allegations against the DPOA, and have not shown that this lawsuit, and the attorneys' efforts, were a necessary factor in achieving a favorable result in their claims against the DPOA.

## I

In order to be eligible for a fee award under § 1988, plaintiff must be a "prevailing party." Plaintiffs may be considered " 'prevailing parties' for attorney fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir.1978). It has further been held that, if a party's action was necessary to bring about a change in law or policy that renders a lawsuit moot, then that party is a prevailing party and eligible for attorney fees. *See Tucker v. Sommers*, 784 F.2d 654 (5th Cir.), *cert. denied*, 479 U.S. 821, 107 S.Ct. 88, 93 L.Ed.2d 41 (1986); *Martin v. Heckler*, 773 F.2d 1145 (11th Cir.1985) (en banc). And, as the Sixth Circuit noted in *Loudermill*, "A plaintiff may also qualify as the prevailing party if his lawsuit is found to be the 'catalyst' which causes the defendant to make significant changes in its past practices, though no direct relief is obtained." 844 F.2d at 312 (quoting *Othen v. Ann Arbor School Board*, 699 F.2d 309, 313 (6th Cir.1983)).

The First Circuit has stated, however, that this is only half the battle. "If it has been judicially determined that defendants' conduct, however beneficial it may be to plaintiffs' interests, is not required by law, then defendants must be held to have acted gratuitiously and plaintiffs have not prevailed in a legal sense." *Nadeau v. Helgemoe*, 581 F.2d 275, 281 (1st Cir.1978). The Sixth Circuit adopted this reasoning in *Johnston v. Jago*, 691 F.2d 283, 286–87 (6th Cir.1982), noting that this legal inquiry does not entail full trial on the merits. "Rather, the trial court need only consider whether the plaintiff's claim is 'frivolous, unreasonable or groundless.' " 691 F.2d at 286 (quoting *Nadeau*, 581 F.2d at 281.) The court noted that the *Nadeau* test requiring some "minimum basis in law for

---

**6.** *See NAACP v. DPOA*, 685 F.Supp. 1004 (E.D. Mich.1988).

**7.** *NAACP v. DPOA*, 676 F.Supp. 790 (E.D.Mich. 1988).

the relief secured ... strikes the proper balance between rewarding the filing of wholly frivolous lawsuits on the one extreme and, on the other extreme, withholding fees unless the plaintiff's claim is fully evaluated on the merits." 691 F.2d at 286. In *Jago*, the court noted that a hearing was conducted before a magistrate where the magistrate concluded that plaintiff's civil action was causally linked to the relief achieved by the plaintiff through settlement of a State Personnel Board proceeding. The court found plaintiff's claim in this regard as not frivolous, even though defendants advanced certain potential defenses. The court then upheld the award of attorney fees.

■ Applying these standards, it would appear that Plaintiffs are prevailing parties against the City of Detroit under the catalyst test discussed in *Nadeau, Loudermill,* and *Jago.* The first consideration is whether there is a causal connection between the lawsuit and the resulting actions by the City. On this subject, the *Nadeau* court stated:

> We should also note that we consider the chronological sequence of events to be an important, although clearly not definitive factor, in determining whether or not the defendant can be reasonably inferred to have quided his actions in response to plaintiff's lawsuit. This is particularly true where the evidence relevant to the causes of defendant's behavior is under defendant's control and not easily available to plaintiff.

581 F.2d at 281. Looking at the chronological sequence of events in this case, it is clear that the City acted the way it did because of the lawsuit.

The City of Detroit complied fully with this Court's order to return all officers laid off in 1979 and 1980, long prior to the decision of the Court of Appeals reversing and remanding the case. It is clearly through the pursuing of this lawsuit, and the City of Detroit's compliance with this Court's order, that all of the officers who were laid off were reinstated. Clearly, from that point of view, the Plaintiffs were prevailing parties.

■] The second step, according to *Jago* and *Nadeau,* is to determine if there is some minimum basis in law for the relief secured. Defendant cites cases like *Palmer v. City of Chicago*, 806 F.2d 1316 (7th Cir.1986), and *Doe v. Busbee,* 684 F.2d 1375 (11th Cir.1982), to suggest that there is no basis in law, and that, since the injunction issued by this Court was based upon a mistake of law, Plaintiffs do not have prevailing-party status. However, the fact situations in those cases are different from those here in that in *Palmer* and *Doe,* the courts specifically found no legal basis for the relief obtained. Here, while this court's January 1988 opinion did not make explicit findings of liability, it did recognize evidence that would suggest a finding of liability—at least enough to allow the Plaintiffs to continue with the cause of action after remand. This meets the test under *Jago* and *Nadeau* in that Plaintiffs' claims are not "frivolous, unreasonable, or groundless" and provide at least a minimum basis in law for the relief requested.

Therefore, this Court finds Plaintiffs to be "prevailing parties" against the City of Detroit.

■ With reference to the DPOA, it is clear to this Court that Plaintiffs are not prevailing parties. The change in the racial composition of the DPOA so that minorities make up 51.3 percent of the membership did not come about because of this lawsuit. It came about because the City of Detroit increased recruiting after it recalled the laid-off 1979 and 1980 officers. Many officers were recruited after that date, and 70 percent of them were minority officers. This is what changed the racial composition of the DPOA, and not the ruling of this Court. Therefore, this Court finds that, as to the DPOA, plaintiffs are not prevailing parties.

II

■ Nevertheless, this Court may not award attorney fees to the plaintiffs against the City of Detroit on the record as it now stands. In its unpublished opinion of June 8, 1987, *NAACP v. DPOA,* 819

F.2d 1142 (6th Cir.1987), the court reversed the determination of this Court granting attorney fees. It said: "It is necessary, therefore, that we set aside the decision of the District Court with respect to allowance of fees to the attorneys for plaintiffs. It is required that the plaintiffs prevail before attorney fees may be assessed against defendants, and plaintiffs are no longer prevailing parties. The award of fees is REVERSED accordingly." The Court of Appeals did not reverse and remand, or remand for consideration in light of the final disposition of the case upon remand. In the substantive case,[8] the Sixth Circuit reversed and remanded the case to this Court for further action consistent with its opinion. In its dealing with the fee question, however, it simply reversed.

It therefore appears clear to this Court that the reversal is the law of the case, and that, absent action by the Court of Appeals, this Court cannot award fees. The reversal without remand leaves this Court with no jurisdiction to take any action in awarding fees to the Plaintiffs, even though the Court is of the opinion at this time that the Plaintiffs are prevailing parties against the City of Detroit.

Therefore, until the Court of Appeals authorizes this Court to consider the question of fees, this Court is without jurisdiction to do so. It has been reversed, and the matter has not been returned to the Court.

For these reasons, the present petition of the Plaintiffs for attorney fees under 42 U.S.C. § 1988 must be denied.

---

**8.** *NAACP v. DPOA,* 821 F.2d 328 (6th Cir.1987).