915 F.2d 1572
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Claude E. SCARBROUGH, Plaintiff-Appellee,
v.
Mickey J. BENTLEY, William V. Ricker and Clifford Freeman,
Defendants-Appellants.
 No. 90-5246.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1990.
 
 Before BOYCE F. MARTIN, Jr., RYAN and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Mickey J. Bentley, William V. Ricker, and Clifford Freeman appeal the interlocutory order issued by the district court denying a motion for summary judgment on grounds of qualified immunity.
 
 
 2
 The plaintiff, Claude Scarbrough, served as fire inspector for the City of Alcoa, Tennessee from 1978 until he received a notice of reprimand on December 17, 1987. The letter of reprimand stated that Scarbrough had been demoted to fire engineer "effective immediately". Scarbrough's demotion resulted from his conviction of violating state hunting laws. Scarbrough's superiors, City Manager Mickey Bentley and Fire Chief Clifford Freeman, deemed such disciplinary action appropriate because the incident was viewed as detrimental to Scarbrough's credibility as a regulatory enforcement inspector. A meeting was subsequently held on December 21, 1987, in which the plaintiff presented his side of the story to Mr. Freeman, Assistant Fire Chief Larry Graves and Ms. Kathy Eaves, the City personnel director. It was Mr. Scarbrough's contention that other city employees had been involved in similar offenses and had not been disciplined as severely.
 
 
 3
 Aside from the facts already stated, the parties disagree as to a number of events from the initial letter of reprimand to the December 21, 1987 meeting. These issues include whether Mr. Scarbrough met with Freeman, Graves, and Eaves prior to the meeting on the twenty-first, whether Scarbrough was denied both pre-action and post-action hearings, whether Scarbrough was appraised of his right to appeal and the procedures for doing so, whether Scarbrough requested the presence of the City Manager, Mr. Bentley, at the December 21 meeting, and whether the incumbent City Manager, Mr. Ricker, refused to review the disciplinary action. The district court found these contested points raised questions of credibility critical to the plaintiff's claim that he was denied procedural due process. On these grounds the district court found issues of material fact to be present, precluding the defendant's plea for summary judgment on the merits and on the defense of qualified immunity.
 
 
 4
 In this interlocutory appeal, only the issue of qualified immunity has been properly submitted to this Court pursuant to Mitchell v. Forsyth, 472 U.S. 511, 527, 105 S.Ct. 2806, 86 L.Ed.2d 411, 426 (1985). Defendants claim that the district court erred in denying their motion for summary judgment asserting the defense of qualified immunity because, under the facts and circumstances of this case, reasonable public officials in their positions could have thought their actions to be lawful and not in violation of any established constitutional right. We disagree.
 
 
 5
 Whether qualified immunity will protect a public official from personal liability for an allegedly unlawful official action, "generally turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." Anderson v. Creighton, 483 U.S. 635, 97 L.Ed.2d 523, 107 S.Ct. 3034 (1987). This Court agrees with the district court's judgment that the legal standards requiring either an adequate pre-disciplinary hearing or access to adequate post-disciplinary remedial procedures in public employment were well established at the time the defendants demoted the plaintiff. Cleveland Board of Education v. Loudermill, 470 U.S. 532, 84 L.Ed.2d 494, 605 S.Ct. 1487 (1985); Loudermill v. Cleveland Board of Education, 844 F.2d 304 (6th Cir.1988). This Court also accepts the district court's finding that issues of material fact remain as to whether these procedures were complied with.
 
 
 6
 Accordingly, the denial of summary judgment to the defendants by the district court is affirmed.